## JOLLY *v.* JOLLY.

In cases of divorce, the District Court, under section 1485 of the Code of Iowa, which provides that "when a divorce is decreed, the court may make such order in relation to the children and property of the parties, and the maintenance of the wife, as shall be right and proper," may decree the wife, as her alimony, a certain portion of the lands of the husband in fee simple.

### Appeal from the Lee District Court.

ON the 24th of March, 1854, the complainant filed her petition, in the District Court of Lee county, for a divorce, and also praying alimony, and for general relief. The causes alleged are, the bad treatment of the husband, his intoxication, amounting to habitual drunkenness, and that they cannot live in peace and happiness, and that their welfare requires a separation. To this petition, there was an answer, issue thereon, a hearing, and at the November term, 1854, a decree was rendered, divorcing the parties. This decree gives to the wife eighty acres of the husband's land in fee simple, declares her dower in the remaining portion of his estate to be extinguished, and allows her fifty dollars in money. From this decree the husband appeals to this court. The facts in the case are stated in the opinion of the court.

*J. C. Hall*, for appellant, contended, that under the petition and prayer for support and alimony, the court had no power to divest the estate of the appellant, and give a fee simple estate to the wife. That alimony means a support, not an estate: and that under any state of the law, the petitioner could not be allowed more than is prayed for, which is an allowance for alimony.

*J. M. Beck*, for appellee, relied upon sections 10 and 1485 of the Code.

WRIGHT, C. J.—This cause appears to have been heard on oral testimony, according to the rules of practice established in the court below. A portion of the testimony is embodied in a statement of the judge who tried the cause, which we find as a part of the record. This statement, however, expressly states that all the testimony is not embodied in the bill. From the bill, answer, replication and testimony, we gather the facts to be these: the parties have been married about thirty-six years; have had seven children, all of whom are married and living to themselves, except one son, aged about fourteen years. The age of the wife is fifty-three, and the husband fifty-nine years. That the wife had property at the time of the marriage, of the value of say three hundred dollars, and the husband but little, if any. That this property of the wife, as well as some which the parties accumulated, was sold in Indiana, and they removed to this state, and invested the proceeds in land. It appears that the wife has been dutiful and industrious; and that the husband has, until a few years past, been attentive to his farm, and trade, and generally industrious; that, within the last seven years, he has become intemperate; has greatly abused his wife; kept intemperate associates about his house; that this treatment and violence of the husband injured, to some extent, the mind of the wife, and tended to, and did, alienate her affections. When under such mental aberration, she was perhaps unkind to the husband; but, at all other times, she clearly appears to

have been the innocent and injured party. This conduct is fully shown to have produced an entire estrangement of mutual regard. The testimony also shows that for several months before the filing of the petition, the parties lived in separate and distinct apartments, wholly disconnected in all their domestic relations. The husband owned three hundred and forty-five acres of land, valued at twelve dollars per acre, about four hundred dollars in personal property, and was in debt perhaps three hundred dollars.

The appellant does not seek to disturb the decree, so far as the divorce is concerned, nor, indeed, could he with any reason; for the whole record shows a very strong case in favor of the wife, and fully fortifying the decree in this respect. All that is now claimed is, that the court below, instead of giving the wife a specific portion of the land in fee, should have given her an annual or other allowance in money, to be made from his estate in default of payment. The power of the chancellor to make such a decree, in fact, is denied; and we are now asked, in making a final decree, not to deprive the wife of alimony, but to make it alimony in the strict legal sense of that term, instead of a portion in fee of the husband's lands.

Under all the circumstances of this case, we could not change this decree, and feel satisfied that we were doing right. Alimony in its original, legal signification, meant other than a portion of the husband's lands, it is true. It is the nourishment—the maintenance—the allowance made for the support of the wife, which is given and fixed by the proper court out of the husband's estate, when they are legally separated. See Tomlin's Law Dictionary; 1 Blackstone Com. 355. In many of the states, this character of support is strictly recognized. In others, however, by statute and the practice of their courts, portions of the husband's estate, other than money, have been decreed. The case of *Thornbery* v. *Thornbery*, 4 Littell, 252, in which the latter kind of a decree was made, is in many respects very similar to this. The parties were aged, had lived together for about thirty-five years, and raised a number of children, most of

whom had arrived at years of discretion at the time the bill was filed. The separation was caused by the unprovoked and harsh treatment of the husband. And it was held to be equitable and just to give her one-third of his slaves and lands for life, and one-third of the chattels absolutely.

But without looking for precedents in other states, how stands the matter under our own law? And this involves a construction of section 1485 of the Code. That provides, that "when a divorce is decreed, the court may make such order in relation to the children and *property* of the parties, and the *maintenance* of the wife, as shall be right and proper." By section 26, tenth division, "The word property is defined to include both personal and real property," and by the eighth division of the same section, "real property includes lands, tenements and hereditaments, and all rights thereto, and interests therein, equitable, as well as legal." It would appear, then, that all of the property of the parties may be reached by the order of the court, whether it be personal or real, and whether it be held in fee simple or otherwise. By the whole spirit of our law, also, the wife is recognized as having a right to hold and control property, and to have an existence in the marital relation, not merged into that of the husband. This is clearly shown by chapter 84 of the Code, as well as other provisions. While our law in no manner weakens the obligations of this most sacred relation; yet in its letter and spirit, it does recognize that she may have a separate property, which she can hold exempt from the debts of the husband; that she may be authorized to transact business in her own name, when abandoned by her husband; that she cannot be removed from their homestead without her consent; and that courts will protect her rights, and give her, either in property or otherwise, what is right and proper. When these separations unfortunately take place, the important question is to properly dispose of the children. They are their joint offspring, and their proper education and support, when the family is thus separated, should demand the first inquiry of the court. Then comes the question as to the property. It has been

accumulated in most instances by the joint labor of the parties, each in their appropriate sphere. While technically, perhaps, it is recognized as the husband's, yet rightly and properly, it is also the wife's. He cannot convey or dispose of it without her consent, nor do any act that would directly incumber her interest therein. It is not his nor hers, but *theirs*. It is upon this property that these decrees are to operate. And with reference to this property, our law gives the court the power to make such order as may be right and proper. And in addition, the court is to make the same order with reference to the maintenance of the wife. It may be claimed with some plausibility, that the term "maintenance," as here used, relates to the alimony, and that the court makes the order as to the property, and also gives what was formerly known as alimony. However this may be, we are clear that under our law, the court has full power to give to the wife in these cases, a specific portion of the husband's property, and that this may be real or personal. And is it not clearly equitable and just, that the wife shall be given a home—a place to reside—if the circumstances justify it, rather than be turned from that which she has assisted to obtain, improve, and make pleasant and comfortable, with an annual or other allowance, to seek a new home?

Not to further enlarge, we conclude, that there is nothing to show, but that the court below did make such order as was right and proper with regard to the property of the parties.

Decree affirmed.