*251 Opinion op the Court, by
Jüdge Mills.
_ THIS is a writ of error to reverse a decree, which) after granting a divorce, divided the estate, .in favor of the wife against the husband, and the object of the writ is to revise that part, of the proceedings which divided the estate. It is contended that the writ of error will not lie for that purpose, and that it ought to be tjuash-ed. There can be no doubt that no writ of error can feach the decree granting a divorce;, for. the act ássembly regulating writs of error, expressly precludes a writ of error from reaching a decree of the kind. ' It has also been decided by this court, in the case of Simp *252 son vs. Simpson, that an ipdfel from app'sai irom a decree granting a divorce only, without any division of estate, would not lie, and an appeal was dismissed, because it was yot for a sum of money, equal to what the act of assembly requires," to* authorize this court to revise by an appeal, nor did it relate, to a franchise or freehold. I3ut thjs court on an appeal in the case of Fichli vs. Fichli from a decree of divorce accompanied with a decree for money, or the division of estate, did entertain jurisdiction, and reverse that part of it which decreed money. in like manner we conceive that this court by writ of error, may review the decree dividing the estate, although we are precluded from disturbing that part which grants a divorce, ft is true, theédivorce and division of the estate may be written in one decree; but it is equally true, that the subjects are different and may or may not be so blended, and each requires a different adjudication from the court below; and, therefore, we conceive that only so much as directs a divorce, is taken from this court on a writ of error. Such a construction is more consistent with the evils intended to be remedied by the act. The writ of error might be delayed for three years; the case might be depending for some time here, and then a reversal might restore the relation of man and wife, when one of them might in the mean time be married to another, and also the issue of the second marriage, might be rendered either illegitimate, or at least possess a standing unparalleled and doubtful. To avoid these evils the act was passed, and none of them can arise from reversing the division of the estate between the parties.
"Where a divorce has been obtained by the wife, and her conduct is , blameless, an allowance, equal to what the law gives her on the death of her husband, is reasonable.
We, therefore, leaving the divorce untouched, and only looking into the evidence on which it was founded, so far as may be necessary to see whether it is a meritorious case on the part of the complainant, shall proceed to examine the division of estate which was made l>y the court below.
The parties are aged and had lived together about thirty-five years, and raised a considerable number of children, most of whom had arrived at years of discretion before this bill was hied. By their joint exertions, in which the complainant below seems to have borne her. full share, they have amassed a competent estate of land, slaves and chattels, which does not appear to be much embarrassed. The separation does appear to *253 be caused by.fhe unprovoked and haF&hgfc$.áatm§nt of the defendant below, continued for a series-of years to a most unaccountabíejexcess, and..the^|as,e is one of ap aggravated character on his part. The circuit Court look exactly the rule which the law would líbre taken incase the defendant below Rad died,,that is, assijbed tocher one third of the lands and slaves in value for her life, and one third of the chattels forever. „
We cannot say that the allow^ice is inequitable; for no good reason can be assigned why, if she is corn-pelled to a separation, not by her own fault, but entirely5 by the ill conduct of her husband, that she should receive less than if he had been taken from her by death. Indeed, so far as her standing in society is concerned,.the latter is the preferable case. In this, she might live the,, respccted'widow; in that, she must remain the repuai-* ated wife, in the eyes of the unthinking world.
We, therefore, see no reason for disturbing the decree, and it must be affirmed with costs.