## Holman v. Holman.

(Decided October 24, 1913).

Appeal from Jefferson Circuit Court
(Chancery Branch, First Division).

Divorce—Alimony—Evidence—Weight and Sufficiency.—As the evidence clearly establishes the appellee's right to a divorce a vinculo, it was error on the part of the circuit court to grant him a divorce a mensa. This being so, it necessarily follows that the dismissal, by the court, of appellant's counterclaim for alimony was not error.

BURNETT, BATSON & CARY and BENJAMIN F. WASHER for appellant.

JOHNSON, HIEATT & SCHEIRICH for appellee.

OPINION OF THE COURT BY JUDGE SETTLE—Affirming on original and reversing on cross appeal.

Appellee brought this action against appellant for a divorce a vinculo, basing his right thereto on subsection 3, of that part of section 2117, Kentucky Statutes, containing grounds upon which a divorce may be obtained by the husband alone.

Appellant answered traversing the averments of the petition and setting up claim to alimony, to recover which the answer was made a counterclaim. All affirmative matter of the answer and counterclaim was controverted by reply. Following the taking of proof by the parties

and the submission of the case, the circuit court rendered judgment, granting appellee a divorce a mensa, and dismissing the appellant's counterclaim for alimony. From so much of the judgment as refused appellant alimony, she has appealed, and from that part of the judgment refusing appellee a divorce a vinculo, he prosecutes a cross appeal.

After reading with great care the more than eleven hundred pages of proof and one hundred and forty-two pages of briefs of able counsel found in this record, to say nothing of the pleadings presenting the issues involved, we have regretfully reached the conclusion that the circuit court erred in refusing appellee an absolute divorce; the regret arising, not from any doubt as to what our decision should be, but from the necessity that compels us to record a judgment that must reflect upon the wife.

It would unduly extend the opinion and accomplish no good to give a synopsis of the evidence or enter upon an analysis of the facts which furnish the reasons for our judgment, as we would not add to the burden it will cast upon the appellant, or unnecessarily place in the record anything that would tend to injure her in the estimation of the numerous friends and acquaintances who have so loyally testified as to their confidence in and regard for her. It is sufficient to say that the husband's right to the absolute divorce prayed is amply sustained by the evidence appearing in the record; and this being our decision, it necessarily follows that though the circuit court erred in refusing appellee an absolute divorce, it did not err in refusing appellant alimony.

For the reasons indicated the judgment of the circuit court is affirmed on the original appeal and reversed on the cross appeal, and the cause remanded, with direction to enter a judgment granting appellee a divorce a vinculo.