# Mayme Thornton Strobel v. Wilhelm Karl Strobel.

(Decided November 23, 1926.)

## Appeal from Jefferson Circuit Court (Chancery Branch, First Division).

Divorce.—Evidence held to support decree in divorce action awarding children to father, where it was shown that wife was inconstant and faithless.

LAWRENCE S. GRAUMAN and RICHARD P. DIETZMAN for appellant.

HAGAN & MIX and SCHROADER & PIERCE for appellee.

OPINION OF THE COURT BY JUDGE SAMPSON—Affirming.

The husband instituted this divorce suit in the Jefferson circuit court, charging both lewd and lascivious conduct, and adultery on the part of the wife, and was granted a divorce from the bonds of matrimony, and the custody of the two infant sons, aged seven and eleven, respectively, was confided to him, and from so much of the judgment as awarded the children to the father, this appeal is prosecuted by the wife.

The wife denied the averments of the petition and as counterclaim for divorce she pleaded that the husband was cruel to her. Her counterclaim was dismissed by the chancellor who rendered an opinion in part saying:

"Insofar as there is evidence of cruelty as alleged by the defendant, it is more than offset by the evidence as to the wife's conduct toward the husband. She is not without fault. There has been no baseless charge of misconduct for which divorce may be granted her. Jones v. Jones, 205 Ky. 538. On the other hand, there is every probability from the circumstances and proven conduct that the charges made by the husband are true. The acts constituting the conduct complained of are not such as are committed in the presence of others. Circumstances are usually all we can get to go by. Hence, divorce granted plaintiff. . . . Then comes the question, which one has made it necessary for them to be taken from one as a matter of general custody and given to the other? From my holding she is that one. He

should not be made to suffer the consequences to any extent where avoidable. The custody of the children is, therefore, given him, with privilege of her having them at reasonable times. If these times can not be agreed on between the parties, the court will fix them. . . . "

The evidence shows beyond a doubt that the wife was inconstant and faithless, was anxious to be rid of her husband, who was a cripple. Many of her neighbors testified to conduct on her part which was unbecoming in a wife. When her husband was in the hospital she was frequently seen in the company of a certain man towards whom she gave every evidence of affection. He would go to her house late in the afternoon and stay late at night, and all night, so far as the neighbors knew, because they did not see him leave, and often saw him there early next morning. Such a wife was not entitled to the custody of the children because the environment of her home was not such as to redound to the good of the children. In cases like this where there are children their custody, nurture and education are of the utmost importance, and the interest of the adults will be subordinated to save the children from the shame and ignominy which follow in the trail of the life of those who lack virtue and chastity. We can find no error in the decree of the chancellor awarding the children to the father, who is shown to be a quiet, orderly, good, moral citizen, amply able to take care of them.

Judgment affirmed.