## Vallandingham v. Vallandingham.

(Decided December 13, 1929.)

JOHN M. THEOBALD for appellant.

BEN F. THOMPSON, for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE THOMAS—Reversing.

The parties to this action are husband and wife. They were married on May 13, 1919, in Carter county, Ky., and lived together until June 27, 1928, and on the following day the husband and appellant, Harlan Vallandingham, filed this action in the Carter circuit court

against his wife, the defendant and appellee, Hazel Vallandingham, in which he sought a divorce from the bonds of matrimony between them upon the ground that "defendant has been guilty of such lewd and lascivious behavior on her part as proved her to be unchaste." The petition also averred that two girl children were born to the parties, one of whom was 6 and the other 4 years of age, and that defendant was not a suitable or proper person to have custody of them, and plaintiff asked that he be given their custody.

Defendant denied the grounds relied on by plaintiff in his petition, and made her answer a cross-petition against him, and sought a judgment of divorce upon the ground, that for more than six months prior to the filing of the petition and the counterclaim plaintiff had behaved toward her in "such cruel and inhuman manner as to indicate a settled aversion to her, or to destroy permanently her peace and happiness." In addition to a prayer for a divorce, the counterclaim also asked that defendant be adjudged the custody of the children. Subsequent pleadings made the issues, and upon final submission the court dismissed plaintiff's petition, but sustained defendant's counterclaim, and granted her a divorce, with $30 alimony per month for herself and children, whose custody was adjudged to her, and to reverse which plaintiff prosecutes this appeal.

The case is peculiar in several respects, among which is the proven good standing of plaintiff amongst all of his neighbors and acquaintances (without objection) as an upright, industrious, peaceful, and dependable citizen of that community. It is likewise peculiar in another respect, indisputably established by the testimony, that plaintiff was ignorant of the conduct of his wife (which began shortly after their marriage) until the day before the filing of the action, when he discovered his brother, Albert Vallandingham, at his residence in a compromising position with his wife. In still another respect the case is peculiar, in that not a witness was introduced or testified in the case contradicting the guilty conduct of defendant, which was testified to by at least a dozen women and men living in the immediate neighborhood, and who also, without exception, testified to her general bad reputation for morality in that community. The conduct so testified to by neighboring women, who were shown to possess no animosity against defendant and who had known her all of her life, some of whom were

reared with her, is most convincing that defendant was guilty of the charge contained in the petition.

Without going into detail, that testimony established the fact that different men were seen going into the residence of the parties almost daily and at times when plaintiff would be absent while engaged in his work as a miner of brick clay, and at which he persistently labored, leaving his home at about 5:30 a. m. and not returning until late in the afternoon. One of such clandestine visitors was the brother of plaintiff, who first testified in the case as a witness for plaintiff, and said that on numerous occasions he had engaged in improper relations with defendant, but afterwards, when introduced by defendant, he recanted and withdrew the statements made by him in his first deposition. But the proven circumstances are overwhelming that he told the truth on the first occasion of his testifying, and that his second deposition was an entire fabrication. No one can read this record without forming such a conclusion with reference to that witness. Another male witness, who was an associate of defendant for a long while prior to her marriage, testified to similar improper relations with her since her marriage, and his testimony was corroborated by other testimony in the case.

We deem it useless as well as purposeless to recite in detail the testimony introduced by plaintiff in support of the ground contained in his petition, and will content ourselves with saying that, if the testimony in this case on that issue is insufficient to sustain it, then it would be a difficult matter to do so in any case. As said in the case of Holman v. Holman, 155 Ky. 493, 159 S. W. 937: "We have regretfully reached the conclusion that the circuit court erred in refusing appellee (appellant in this case) an absolute divorce; the regret arising, not from any doubt as to what our decision should be, but from the necessity that compels us to record a judgment that must reflect upon the wife." An examination of our opinions will show great leniency on this court's part towards exculpating the wife from such charges, and rightfully so, since a sustaining of them places upon her a stigmatizing burden under which she must forever thereafter live. But the statute, as well as justice and the demands of society, require that a wife shall so deport herself as to make the atmosphere of the home over which she presides pure, moral, and upright, and not to pollute it with such conduct as is denounced by both divine and human law, and to the further end that her offspring, if any,

will have an opportunity to be reared with pure instead of contaminated environments.

The only testimony introduced to sustain the ground relied on in defendant's counterclaim was her own testimony brought out by most leading questions, many of the answers to which were general and contained no specific act or conduct on the part of plaintiff. Even such testimony was directed mostly if not entirely to a short period immediately following the marriage, and the testimony of defendant herself shows that plaintiff was generally affectionate towards her and was forgiving in his disposition. But we cannot reverse the divorce judgment granted by the trial court to the wife, howsoever erroneous we might conclude it was. However, we do have authority in such cases to review the judgment appealed from in so far as it affects the questions of alimony and the custody of the children. The judgment in this case, as we have seen, awarded alimony to defendant for herself and her two children (she also having been given the custody of them) in the sum of $30 per month, and we have jurisdiction to review such portions of the judgment.

The general rule is that, without something appearing to the contrary, the mother will be given the custody of the children whose ages are as young as those involved here, but in each case the interest and welfare of the child or children will be considered, and, if the evidence discloses a situation and condition that it would be to the best interest of the offspring that the husband be given the custody, it will be so adjudged. From what has been said it is clearly apparent that the husband here should, under present conditions at least, be given the permanent custody of the two infant children of the parties. They are girls, and, unless there is some reformation of the mother, their lives should not be befouled with the atmosphere that a continuance of her previous conduct would create. We therefore conclude that the court erred in adjudging the custody of the children to defendant.

Under the statute, as well as under the conclusions reached in the cases of Hehr v. Hehr, 203 Ky. 727, 263 S. W. 33, Strobel v. Strobel, 216 Ky. 731, 288 S. W. 676, and the Holman case, supra, the wife in this case, having been proven guilty of the charge preferred in the petition, was not entitled to alimony, and the court erred in so adjudging. Of course, defendant will be permitted to

see and visit her children upon proper occasions to be regulated by the trial court.

For the reasons stated, the judgment in the respects indicated is reversed, with directions to set it aside and to render one conforming to this opinion.