# Kreidler v. Kreidler.

Dec. 7, 1945.

Rogers & Rogers for appellant.
Morris Weintraub for appellee.

OPINION OF THE COURT BY STANLEY, COMMISSIONER—
Affirming.

In granting Mrs. Marcella Herzog Kreidler a divorce from George F. Kreidler, the court awarded her alimony of $4,500, payable by the application of $640.77, the remainder of the net proceeds from the sale of property after paying liens and the court.costs, and the balance to be paid by the husband at the rate of $20 a week. The husband appeals, and insists that his divorced wife is not entitled to any alimony at all; but if this court should conclude otherwise, then both the amount of the allowance and the weekly payments are excessive.

The parties were married in June, 1922, and two children were born to them in the early years. In 1926 the wife filed suit for divorce and also was instrumental

in having her husband arrested for drunkenness and disorderly conduct. But the suit was soon dismissed and the criminal prosecution abated. She says he begged her to take him back. He says she begged him to come back. During the following years the parties seem to have got along all right, and they and their children were companionable and would go out together of evenings to bowl and otherwise enjoy themselves. It is admitted that the wife would drink with her husband, at least beer; that on a few occasions she took more beer than she could handle soberly. He gradually drank more and more, and began to keep late hours. Her objections were met with abuse. By the latter part of 1942 he formed the habit of staying out every Saturday night, coming in in the early morning hours drunk, raising a disturbance, abusing and mistreating his wife. By August, 1943, he was going out almost every night and getting drunk. The wife testified that he assaulted her, and recites a story of cruel treatment, both physical and mental. A record of the details may well be omitted. She is substantially corroborated by her daughter, whose testimony appears to be restrained, for it appears that she is devoted to both her parents. In August, 1943, the wife left their home in Erlanger and moved practically all their furniture to an apartment in Newport. She testified that her husband had been demanding that she leave. The cross-examination of the defendant brought the admission that after the separation he had been keeping company at saloons with a certain young woman. It leaves the strong inference of adultery. This, however, was irrelevant to the issue, for such misconduct does not in and of itself constitute cruel and inhuman treatment. It depends upon the manner of its commission and its notoriety. It is cruelty if it would humiliate or embarrass a wife. Cf. Bobbitt v. Bobbitt, 297 Ky. 288, 178 S. W. 2d 977. See Annotation, 157 A. L. R. 631, association or conduct of spouse with persons of opposite sex as cruelty or abusive treatment justifying divorce or separation. That result is absent here for it does not appear the appellee ever heard of it. The evidence was sufficient to justify a divorce upon the ground pleaded, namely, "habitually behaving toward her, for not less than six months, in such cruel and inhuman manner as to indicate a settled aversion to her or to destroy permanently her peace or happiness." KRS 403.020(3) (b).

On the other side, the husband contradicts the extent of his drinking and denies any mistreatment. He relates a few occasions when his wife became intoxicated with him, but his emphasis is on her neglect and slovenliness about the home. It is admitted that during their entire married life of 22 years, she never prepared his breakfast but would lie up in bed in the morning. She had a habit of staying up and reading until the early morning hours. In later years, she insisted, it was waiting up for him to come in drunk. Likewise, the two children, he insisted, had been left pretty much to take care of themselves. The husband says that they had discussed the matter of divorce several times before the separation, but he denies that he demanded that his wife leave, and says he was surprised when he came home one evening and found her and the furniture gone. His counterclaim for a divorce was based upon the plea of abandonment.

The appellant's contention that there should have been no allowance of alimony is upon the ground that his wife was not without fault. So far as the granting of a divorce to a wife upon the ground pleaded in this case is concerned, even though she sustains her plea by evidence, the statute permits her to have the divorce only "if she is not in like fault." In this case there was neither pleading nor proof by the husband of the wife's "like fault"—habitual cruel and inhuman conduct for at least six months. The evidence shows provocation, and occasional drinking by her prior to their separation, but rarely to excess, and always with him. She was trying for a while to "go the same gait." Some people believe that a wife has a right to get drunk with her husband. Be that as it may, we are concerned here only with her conduct as it affects the amount of alimony. Mere provocation or aggravation does not endow a husband with the legal power one had in the stone age of whipping his wife or treating her as a chattel. Cf. Grove v. Grove, 239 Ky. 32, 39 S. W. 2d 193. At least this alleged provocation had been endured for twenty years and was brought up only when the husband had come home drunk in the small hours of the morning, and afterward in his testimony.

The statutory provision for the allowance of alimony does not carry any restriction or condition based upon freedom from "like fault" or any fault. The allowance is what "the court considers equitable." KRS

403.060. The genesis of this statute seems to have been an act of 1809. It was laid down in 1823 that where a wife is blameless and the conduct of the husband aggravating, the wife is entitled to have allowed her nothing less than what she would receive if he had been taken from her by death. Thornberry v. Thornberry, 14 Ky. 251, 4 Litt. 251. And in 1854 it was ruled that the conduct of the parties forms an element in determining what is right. Wilmore v. Wilmore, 54 Ky. 49, 15 B. Mon. 49. We have intermediately and recently adhered to that principle and interpreted the statute as requiring the award of alimony where a wife is entitled to the divorce. Maher v. Maher, 295 Ky. 263, 174 S. W. 2d 289. And among the several elements entering into the equities and factors into the finding is that of comparative rectitude or guilt or the relative responsibility of the husband and wife for the situation which culminates in the divorce. Goodwin v. Goodwin, 296 Ky. 835, 178 S. W. 2d 214.

The chancellor seems to have taken the conduct of the wife into consideration in awarding alimony. The husband is an electrician and has been employed in Cincinnati. His gross earnings in the year 1944 were $4,164.72. His income and social security taxes were approximately $600, and his union dues $131. So his net earnings were more than $3,400. He saved practically nothing. The net proceeds from the sale of their home, which it appears they owned jointly, were about $1,300. Half of this was used to pay the court costs and the balance given the wife. The effect of this application was to give her $650 of her own money. So the allowance of $4,500 was in reality only $3,850. The defendant itemized his current living expenses as $53.80 a week, which seems to be quite liberal under the circumstances. His net earnings equaled about $65 a week. The wife was not employed outside her home. Her physical condition and age are not such as to infer any earning capacity. It is to be borne in mind that the allowance of $20 a week is not indefinite. The judgment will be liquidated at that rate in less than four years. The wife is then "on her own" entirely and the husband free from his marital responsibility. In all the circumstances, we concur in the award as being equitable.

The judgment is affirmed.