## Sullivan v. Sullivan.

April 23, 1948.

Robert E. Hogan for appellant.

William J. Goodwin and D. L. Frederick for appellee.

OPINION OF THE COURT BY JUDGE SILER—Affirming in part, reversing in part.

George C. Sullivan, appellee, obtained a judgment against Carrie Sullivan, appellant, for absolute divorce and for $242.21 as a recovery of debt and for a lien on her home to secure payment of the debt and for certain household furniture as a restoration of property. The judgment also provided that while he was to pay the costs, yet she was to pay her attorney. She appeals.

Appellant contends that there was a lack of evidence to support the divorce judgment and that it should accordingly be reversed with directions for an award of alimony to herself and a fee to her attorney, both to be paid by appellee, and for a dissolution of the lien against her home.

Appellee sued on the ground of six months' cruel treatment. Appellant counterclaimed on the same ground.

These parties married in middle age. Each had adult children by previous marriage. Both came from Hart County. Both were working at Brown-Williamson Tobacco Corporation in Louisville when and where their romance ripened, about the beginning of 1945, into this matrimony which lasted only one year. This union produced no children. The earning power of each was about the same. He had practically no property. She had an equity of about $1000 in a home, some household furniture, and probably an additional $1000 produced by a sale of her farm.

His evidence tended to prove that she would not go to church and other places with him and that she was prone to consort with persons objectionable to him and that she entertained male company in her home while he was away at work and contrary to his wishes and that she once stated publicly she did not love him and did not know why she married him. While these ele-

ments of cruel treatment are not as outrageous as some we have encountered, yet they are sufficient, we think, to constitute a basis of cruel treatment within the statutory meaning. We have held that association of one spouse with those of opposite sex may be cruel treatment if committed in such a manner as to embarrass the other spouse. See Kreidler v. Kreidler, 301 Ky. 105, 190 S. W. 2d 1012. It has also been held by this court that cruelty in a divorce case need not be physical. See Ezell v. Ezell, 260 Ky. 775, 86 S. W. 2d 998.

Her evidence tended to show that he was unreasonably jealous, inordinately prim and excessively introvert by nature while she was warm, friendly, neighborly and extrovert by nature.

Possibly the weight of all his evidence only established her as somewhat of a sociable and flirtatious woman. And while we know that mere flirtation is just an *attention* without an *intention*, yet to a jealous and introverted man it may be like a thorn in the flesh or like a cinder in the eye and therefore cruel treatment.

And so, we are not prepared to say that the chancellor lacked the necessary evidence to justify the granting of a divorce judgment to appellee. Therefore, the appellant was not entitled to alimony. See Holman v. Holman, 155 Ky. 493, 159 S. W. 937. And because of appellant's separate estate, which was larger than that of appellee, and because of her own earning power, which was about the same as that of appellee, we consider the requirement that she pay her own attorney fee as a determination coming within the sound discretion of the chancellor in a case of this kind. See KRS 453.120.

We now come to consider the propriety of the judgment's award of the debt and lien to appellee. The record indicates that the financial transactions between these parties, both before and after marriage, were quite numerous and complicated. They were so much so that it would doubtless take a good Philadelphia lawyer to work them all out with complete fairness to both sides. His pleading sought judgment for $1495.37 in sums owed him by her. Her pleading sought judgment for $866.90 for advancements she claimed to have made to him. The chancellor awarded him $242.21 and a few

pieces of household furniture, together with a lien on her home to secure the monetary award. She complains particularly about the lien, saying it was improper and illegal. The financial transactions seem to have begun with a loan by him to her of $333 some months before the marriage. The purpose of that loan was to enable her to make a payment on the very home against which appellee now has a lien by the chancellor's judgment. However, that particular loan lost its separate identity in the labyrinth of subsequent transactions back and forth between the parties. Now we have held that it is proper to award, in a straightout divorce action, judgment for recovery of a loan or debt previously made by one spouse to the other. See Sandusky v. Sandusky, 166 Ky. 472, 179 S. W. 415. But we have also held it is not proper to award, in such an action, a lien against the debtor spouse's property to secure payment of the outstanding loan or debt, the conception being that such a debt would have to be just like that existing between any other creditor and debtor and that the creditor spouse would have to be a *common* creditor without security rather than a *preferred* creditor with security. This lien conception would doubtless be different in an instance of plain property restoration between the parties. For example, if the spouses jointly owned a horse, it would be proper to award a lien to the one not in possession in order to secure satisfaction of his right. The broad outline of this principle appears to have been declared in the case of Brandenburg v. Brandenburg, 252 Ky. 338, 67 S. W. 2d 27. Strange to say, both parties rely on the authority of that case, but it clearly supports the appellant, not the appellee, on this lien question.

Wherefore, since the chancellor seems to have made no error except that of awarding a lien against appellant's equity in her home, the judgment is now accordingly affirmed in part and reversed to the extent indicated and for such further proceedings as may be necessary in conformity hereto.