# Hardman v. Hardman.

October 19, 1948.

Harry L. Hargadon and John L. Bennett, Jr. for appellant.

Marshall Hardy and Ralph Logan for appellee.

OPINION OF THE COURT BY VAN SANT, COMMISSIONER
—Affirming in part, reversing in part.

Appellee filed this suit against appellant, his wife, asking judgment of divorce on the ground of habitual drunkenness of not less than one year's duration. He prayed for the custody of the children born to the union who at this time are eleven and almost eight years of age respectively. He further prayed the Court to restore to him the real estate which he purchased, and, by reason of marriage, he caused the title to be conveyed to him and his wife jointly. Appellant filed answer and counterclaim in which she denied the allegations of the petition and asked that the custody of the children be awarded to her and that she be allowed the sum of $150.00 per month as alimony and maintenance for herself and children. She further prayed that she be restored to the one-half interest in the real estate mentioned in plaintiff's petition and that she be adjudged to be the owner of the household furnishings.

Overruling exceptions to the Master Commissioner's report the Chancellor entered judgment granting appellant a divorce and awarding her alimony in the lump sum of $500.00. He awarded custody of the children to appellee and directed appellant to convey to appellee the property jointly conveyed to them. In a subsequent order the Chancellor provided for reasonable visitations between the children and their mother.

Appellant has appealed from the judgment insofar as it denies her custody of the children, allows her only $500.00 alimony, and directs her to convey to appellee the legal title to the property jointly conveyed to her and her husband. That portion of the judgment directing appellee to pay the cost of the action, including a fee of $250.00 for appellant's attorney, is not challenged by either party.

Although the treatment accorded appellant by appellee may have been provoked by her, we cannot say that the Chancellor erred in granting appellant a divorce. That being true, she is entitled to alimony as a matter of law. As to whether alimony should be paid in a lump sum from the estate accumulated by the husband or in installments depends on the circumstances of the particular case. Prior to a determination of this question it becomes necessary to consider the evidence and circumstances surrounding the parties. Since child-

hood, appellant has been a victim of epilepsy suffering severe attacks at least once every two weeks and perhaps more frequently than that. On such occasions she loses consciousness and, of course, is perfectly helpless. Appellee was familiar with this condition when the parties married twelve years ago. Although appellant categorically denies the accusation, the record is replete with evidence that in the past four or five years she has become addicted to excessive use of alcoholic beverages; and, whilst it may not with assurance be said that she has become an habitual drunkard, the occasions on which she drinks to such excess as to render her incapable of performing any responsible obligation are so frequent that they may be anticipated with some degree of regularity. Appellant has admitted the symptoms of drunkenness on several occasions described by witnesses, but attributes the condition to attacks of epilepsy rather than excessive use of alcohol. However, she contradicted this theory when she testified that she never sways or staggers before or during a fit of epilepsy, and the only warning of such an attack is an ache in the head. Her family physician testified to the same facts. But the evidence described by witnesses in support of appellee's theory that appellant is an habitual drunkard is far different than that which she and her physician described as manifestations of attacks of epilepsy. They testified on the occasions they say she was drunk that she was staggering, swaying, and had to be helped in walking. The husband stated that on two or three occasions each week he had to assist her to, or place her in, bed. But whether these conditions are brought about by epilepsy or over indulgence in alcohol, it cannot be denied that on such occasions she is totally unable not only to take care of the infants were they entrusted to her charge, but of herself as well. She lives with her mother, who holds a position as waitress in a tavern near their home, and by reason of her work she necessarily will be absent from the home and unable to take care of either the children or her daughter on some of the occasions the condition described by the witnesses and admitted by appellant in due course will occur. Because of these conditions the Commissioner recommended and the Chancellor decreed that from a physical and perhaps mental standpoint appellant cannot measure up to the require-

ments of one fit to have the custody of her children. We hasten to add however, that there is no evidence of immorality on the part of appellant and that the decision rests solely upon her disability. On the other hand appellee and his two unmarried sisters now make their home with his mother and father. There is not even a suggestion that this is not a fit home in which to rear the children, and the paternal grandparents have expressed their willingness and desire to assist their son to properly care for and rear the children. We think the Chancellor properly granted custody of the children to appellee.

The uncontradicted evidence shows that appellee purchased a house and lot during his married life for which he agreed to pay the sum of $2500.00. He borrowed $250.00 from his employer to make the down payment. He agreed to pay the approximate sum of $15.00 per month in retirement of the balance of the purchase price. He has made these payments without default, but the amount of the outstanding balance of the purchase price does not appear in the record. The property was purchased November 3, 1941. There is no evidence as to the present value of the property. Whatever equity the parties have in the property was accumulated solely through the earnings of appellee and by payments which no doubt have been less than he would have had to pay for rent of similar property. The conveyance to appellant of an undivided one-half interest in the legal title to the property solely was in consideration of marriage, and the Court properly directed appellant to convey the real estate to her husband; nor did he err in his determination that the household furnishings are the exclusive property of appellee.

There remains for our consideration a determination of the amount of alimony to be awarded appellant and the method of its payment. Appellant's health is such as to prohibit her from making a living for herself and it would not take long for her legitimately to expend the sum of $500.00. After that amount shall have been extinguished she will be left without means to purchase the bare necessaries of life. In addition to the household furnishings and his equity in the real estate heretofore mentioned appellee owns government bonds in the approximate cash value of $500.00. Thus it will be seen

that his estate is not sufficient to justify an increase in alimony if awarded in a lump sum. However, he is earning net wages of $68.00 per week by working seven days each week. Under these circumstances appellee is in better condition to pay, and appellant will derive greater benefit by payment of, alimony in monthly installments.

In arriving at the amount of such installments it is proper and equitable to consider the comparative or relative responsibility of the parties for the circumstances which brought about the separation. Emery v. Emery, 264 Ky. 331, 94 S. W. 2d 634; Kreidler v. Kreidler, 301 Ky. 105, 190 S. W. 2d 1012; Flood v. Flood et al., 302 Ky. 167, 194 S. W. 2d 166. We are of the opinion that appellant's excessive drinking contributed no small share to the difficulties arising between the parties, although it did not fully justify appellee in his conduct toward her. That being true, we are of the opinion that an award of $25.00 per month should be entered in lieu of the lump sum award of $500.00. To this extent the judgment is reversed with directions that it be modified as indicated. In all other respects the judgment is affirmed.