## Hartstern v. Hartstern.

September 27, 1949.

Rehearing denied December 16, 1949.

565

Leo J. Sandmann for appellant.

Brent C. Overstreet for appellee.

VAN SANT, COMMISSIONER—Affirming in part, reversing in part.

Appellee filed this suit for divorce against appellant alleging lewd and lascivious conduct. Appellant counterclaimed charging cruel and inhuman treatment extending over a period of six months; she asked judgment for divorce; $7,500 lump sum alimony; $25.00 per week pendente lite and as permanent alimony; and her costs, including a reasonable fee for her attorney. By amended petition, appellee alleged that he was the owner of certain real property located at 847 Milton Street in Louisville which was of record in the joint names of the parties. He asked that the property be restored to him. By amended answer and counterclaim, appellant pleaded recrimination in bar of appellee's right to obtain judgment of divorce. The case was submitted

to the Divorce Commissioner, Second Division, Chancery Branch of the Jefferson Circuit Court. The Commissioner, from the evidence, found appellant to have been guilty of lewd and lascivious conduct on the 30th day of June, 1945, recommended a judgment of divorce be granted appellee, found appellee not to have been guilty of cruel and inhuman treatment or any act of recrimination. In respect to the property rights: the Commissioner found appellant and her son to be the owners of a certain burial lot in Resthaven Cemetary; appellee to be the sole owner of all other real property owned or claimed by him; recommended that defendant be given legal title to, and possession of, all furniture and household effects in the property at 847 Milton Avenue; and that appellee be required to pay to appellant the sum of $1,000 to reimburse her "for every cent and all of the labor which she may have produced or rendered in the joint purchase of this property." Appellant's exceptions to the Commissioner's report were overruled and judgment was entered in conformity with the Commissioner's findings and recommendations. The Court refused to tax as part of the costs any fee for appellant's attorney.

Appellant seeks reversal of the judgment in respect to alimony on the grounds; (1) appellee failed to prove appellant guilty of lewd and lascivious conduct; (2) the Commissioner and Court erred in not upholding her plea of recrimination; and, (3) appellant was entitled to a divorce, consequently alimony, on her plea of cruel and inhuman treatment. She likewise asks reversal of the judgment in so far as it denies her recovery of a reasonable fee for her attorney to be taxed as costs against appellee.

The evidence on which the Commissioner based his findings and the Chancellor his decree that appellant was guilty of lewd and lascivious conduct was the testimony of two police officers of the City of Louisville, who arrested appellant and her consort in a room in one of the leading hotels in Louisville. The evidence of these witnesses has not been made a part of the record on this appeal, therefore, we must assume it supports the judgment.

The evidence in respect to cruel and inhuman treat-

ment of appellant on the part of appellee is conflicting and raises no more than a doubt in our minds as to the correctness of the findings of the Commissioner and the Chancellor, for which reason the judgment on this branch of the case will not be disturbed.

Since, in the state of the record, appellee was entitled to a divorce, appellant's contention in respect to alimony cannot be maintained; but we think the Court to have been in error in refusing to fix and tax as costs against appellee a reasonable fee for appellant's attorney. KRS 453.120 provides: "In actions for alimony and divorce, the husband shall pay the costs of each party, unless it appears in the action that the wife is in fault and has ample estate to pay the costs."

In Noel v. Noel, 307 Ky. 132, 210 S. W. 2d 142, this section of the Statute was construed, as it previously had been in cases therein cited. In that case we held the husband to be liable for the payment of a reasonable fee for his wife's attorney unless it be shown that the wife is in fault and that she has ample estate to pay the costs. Neither alone is sufficient to exonerate the husband from the liability imposed by the Statute. It is evident from this record that the wife does not have ample estate out of which to pay her attorney, on which account appellee should be required to assume this burden.

The sole remaining question is the contention of appellant that appellee has been guilty of such recriminatory acts as to effect a bar to his right to judgment for divorce. The doctrine of recrimination is, in reality, an application of the general maxim of equity: "He who comes into equity must come with clean hands." Recrimination is a complete bar to the right of a party to obtain a divorce, although he may have established the grounds supporting his charge by conclusive evidence. It is strictly a plea in defense of an action, and may be established by showing that the plaintiff has been guilty of such conduct toward the defendant as, standing alone, would justify the Court in granting a divorce to the defendant. Smith v. Smith, 181 Ky. 55, 203 S. W. 884, and authorities therein cited. The facts relied on in support of a plea of recrimination are not required to be like or similar in character to the grounds

alleged by the petitioner. Thus proof of statutory abandonment, cruel and inhuman treatment, etc., may be proved in support of a plea of recrimination in bar of an action for divorce based on the ground of adultery, lewd and lascivious conduct, or any other statutory cause. The acts of recrimination upon which appellant now relies were not known to her, if they occurred at all, at the time appellee filed his suit for divorce, nor had they been known to her for six months previous to her plea of recrimination. The acts complained of consist of appellee's conduct with a cook at the Protestant Orphans Home, of which appellee was a member of the Board of Directors. All of this testimony was contradicted, but is to the effect that appellee frequently would visit the cook in her room at the Orphanage, and on occasions was observed driving her home at hours varying from 10:00 o'clock P. M. to 1:00 o'clock A. M. Appellee was chairman of the Buying Committee of the Orphanage and no doubt frequently was required to consult the cook in respect to food requirements of the home. At any rate, his visits to her room and his conduct in driving her home in his automobile had no clandestine appearance, and the two never were observed in a compromising position. Certainly this conduct, if uncontradicted, would not have been sufficient to justify a decree of divorce to a blameless wife, unless over a period of six months she was aware of such conduct and it amounted to mental cruelty. In any event, neither the Commissioner nor the Chancellor inferred from the evidence that appellee was guilty of recriminatory conduct, and the evidence raises no more than a doubt in our minds as to the correctness of the Chancellor's conclusion in this respect.

The judgment is reversed in so far as it fails to make an allowance to appellant for a reasonable attorney's fee to be taxed as costs against appellee. In all other respects it is affirmed.