## HUMPHRESS v. HUMPHRESS.

Court of Appeals of Kentucky.

June 12, 1951.

---

H. M. Sutton, Corbin, Murry L. Brown and H. H. Owens, Barbourville, for appellant.

Thomas .F. Young, Corbin, R. L. Brown, Williamsburg, for appellee.

CLAY, Commissioner.

Appellee, the husband, was granted a divorce from appellant, his wife, on the ground of cruel and inhuman treatment. She appeals and contends that because ap-

pellee was really the party at fault, she should have been allowed alimony.

Appellee is 63 years of age and his former wife is twenty years younger. They were married in 1943. At that time appellee had several grown children by a former marriage, and apparently they played a part in the final breakup of the home. The evidence indicates that both husband and wife were well respected in the community where they lived. He worked hard and maintained a good home. She was a competent housekeeper when not suffering from actual or imagined illness.

The wife seems to have felt that the husband thought more of his own children than he did of her, and she resented the fact that they and their families would visit in her home on numerous occasions. This resulted in her having spells of sickness, going to bed, and becoming angry with her husband or his children. There is testimony that from time to time she would engage in vicious quarreling, and threatened her husband with deadly weapons. The unhappy situation culminated in a big quarrel when the wife attacked her stepson with a butcher knife.

On her side, appellant insists that she was a sick woman and that her husband failed to treat her as he should. She also says that he used abusive language to her, and that she wore herself out waiting on her stepchildren.

It is unnecessary to discuss the evidence in detail, but we believe it was all carefully considered by the Chancellor, who wrote a fine analytical opinion. While the husband may not have been as considerate as he could be, appellant failed to establish that she was entitled to a divorce or that the principal fault, resulting in a breakup of the marriage, was his.

We think that when appellant married a man who had children of his own, she should have made a greater effort to maintain domestic harmony rather than to permit her nervous condition to constitute a threat to the family life. The Chancellor's findings are amply supported by the evidence in the case, and since the divorce was properly granted to appellee, she is not entitled to alimony. See Sullivan v. Sullivan, 307 Ky. 222, 210 S.W.2d 760; and Hartstern v. Hartstern, 311 Ky. 564, 224 S.W.2d 447.

The judgment is affirmed.