### OUSLEY v. OUSLEY.

Court of Appeals of Kentucky.

Oct. 23, 1953.

Rehearing Denied Feb. 19, 1954

Nellie S. Hayse, Beulah Hampton Ousley, Louisville, for appellant.

Luther M. Roberts, Louisville, for appellee.

WADDILL, Commissioner.

In this divorce action between Carl Ousley and his wife, Beulah Hampton Ousley, the Chancellor entered a decree which granted Mr. Ousley a divorce on the ground of cruel and inhuman treatment; made a division of the accumulated personal property of the parties; awarded Mrs. Ousley custody of their adopted child and allowed her $20 a week for the child's support, and denied Mrs. Ousley alimony.

On appeal Mrs. Ousley contends that her husband was the party in fault and, therefore, she should have been granted a divorce from bed and board and support as sought in her counterclaim. She also asserts that the division of their personal property as decreed by the Chancellor was unfair to her and that the decree was erroneous because it provided that the payments for the support of the child should begin on February 28, 1952, rather than at the time of their separation July 5, 1949. On his cross-appeal, Mr. Ousley claims that the allowance of $20 a week for the support of the child is excessive and that he was not awarded his fair share of the personal property.

In reviewing this record with reference to the objections raised by both parties to the decree, we find that the testimony was heard and considered by a Commissioner who carefully analyzed the evidence and reported his findings to the Chancellor with his recommendations. The decree was not entered by the Chancellor until after a thorough consideration of the record upon the exceptions filed to the Commissioner's report by the parties.

■ Although we believe that under the facts and circumstances shown both parties should have made a greater effort to adjust their differences and to maintain domestic harmony, we find sufficient evidence to sustain the granting of the divorce to Mr. Ousley. Therefore, since Mr. Ousley was properly granted the divorce, Mrs. Ousley's contention in respect to alimony cannot be maintained. Humphress v. Humphress, Ky., 240 S.W.2d 625; Hartstern v. Hartstern, 311 Ky. 564, 224 S.W. 2d 447. And inasmuch as her separate estate is larger than that of Mr. Ousley and because it was shown that her earning power exceeds that of Mr. Ousley, we consider the requirement that she pay her own costs and attorney's fee as a determination coming within the sound discretion of the Chancellor. KRS 453.120; Sullivan v. Sullivan, 307 Ky. 222, 210 S.W.2d 760.

■ In considering the objection of the parties to the division made of their personal property by the Chancellor, we recognize that the task of making a just division of accumulated personal property between husband and wife in divorce actions is frequently difficult. The proper determination of the conflicting claims presented here is not easy. Nevertheless, we think the Chancellor made an equitable adjustment and division of their property, and one which, under the evidence adduced, raises no more than a mere doubt in our minds as to its correctness and for which reason the judgment on this branch of the case will not be disturbed.

■ The complaint of Mr. Ousley that the allowance of $20 a week for the child's support is excessive is without merit. It was established that Mr. Ousley receives an annual salary of $4,800 a year as Assistant Commonwealth's Attorney of Jefferson County and earns approximately $250 a year from his private civil practice. He testified that since his separation from Mrs. Ousley he has purchased three $750 defense bonds and has accumulated $1,800 in cash. Two bonds of small denomination and the sum of $2,250 were awarded to him by the Chancellor as his share of the personal property accumulated by him and Mrs. Ousley during their marriage. Thus it appears that the allowance made for the child's support is not unreasonable.

With regard to Mrs. Ousley's contention that the payments for their child's support should begin as of July 5, 1949, rather than

as of February 28, 1952 we believe that the Chancellor carefully considered the financial conditions of the parties and the needs of the child during the pendency of the action. Hence we do not feel disposed to disturb his findings. We observe that counsel for Mrs. Ousley did not ask for a rule to issue against Mr. Ousley in this connection until February 28, 1952. It appears that the decree allows support for the child from that date.

The judgment is affirmed on appeal and on cross-appeal.