Paul E. FENNER, Appellant,

v.

Betty FENNER et al., Appellees.

Court of Appeals of Kentucky.

Dec. 17, 1954.

Charles J. Schear, Newport, for appellant.

Thomas Hirschfeld, Daniel W. Davies, Newport, for appellees.

MOREMEN, Justice.

On May 27, 1953, appellant, Paul E. Fenner, a member of the United States Air Force, stationed at Seward Air Force Base near Nashville, Tennessee, married Betty Fenner, a prostitute. On September 14, 1953, almost four months after the date of marriage, appellant sought a divorce from his wife on the ground that appellee had been guilty of such cruel beating, injuries, and attempted injuries of appellant as indicated an outrageous temper in her, with probable danger to his life or of great bodily injury from remaining with her. Issue was joined and proof was taken by deposition. On December 2, 1953, on motion of appellant, the case was submitted to the court for judgment. On February 25, 1954, appellant moved to amend his complaint by adding a cause of action based on the ground of cruel and inhuman treatment. This motion was overruled and, on the same day, the court entered judgment in which it found (1) "that the evidence on behalf of plaintiff fails to sustain the ground for divorce; (2) that the court is of the opinion, that the evidence, as a whole, indicates that the plaintiff is not without fault, or like fault on his part, but on the contrary, is guilty of equal or superior fault on his part." The judgment dismissed appellant's complaint and allowed to attorneys for appellee the sum of $300. Thereafter, various motions and pleadings were tendered, some of which were made part of the record for the purpose of the appeal. It is not necessary to discuss them because, on this appeal, appellant urges as grounds

for reversal (1) that the evidence on behalf of appellant sustained his ground for divorce; (2) that the circuit court abused its discretion in overruling plaintiff's motion to amend his complaint to conform to the evidence; (3) that the circuit court erred in its finding that plaintiff was not without fault or there was like fault on his part; (4) that the court erred in assessing attorneys' fees in the sum of $300.

We think the most important question on this appeal concerns whether or not like fault or any fault on part of appellant bars his right to a divorce. Originally, only a wife could obtain a divorce upon the ground of cruel and inhuman treatment or upon the ground of "cruel beating," the presumption being that the husband could take care of himself in such situations. However, not too long ago, the statute was amended so that the husband also might obtain a divorce on these grounds. Originally, and now, the wife, as a condition precedent to being granted a divorce on these grounds, must show that she is without like or any fault on her part. However, when the statute was amended, this prerequisite was omitted from the language of the statute insofar as it affected the husband. In Muth v. Muth, 314 Ky. 531, 236 S.W.2d 469, 471, the court noticed this omission, saying:

"It is true that KRS 403.020 provides that a wife may not be granted a divorce for cruel and inhuman treatment unless 'she is not in like fault,' while it provides that the husband may have a divorce for cruel and inhuman treatment on her part without any provision as to his not being in like fault."

However, that observation was not necessary to the decision because a divorce had been granted and it was not a case involving an appeal from a judgment denying a divorce. See also Coleman v. Coleman, Ky., 269 S.W.2d 730.

■ We must now decide the question as to whether or not a husband who is also in fault may obtain a divorce if he shows merely that he has been treated cruelly or has been subjected to bodily harm. In Hartstern v. Hartstern, 311 Ky. 564, 224 S.W.2d 447, 449, we said:

"The doctrine of recrimination is, in reality, an application of the general maxim of equity: 'He who comes into equity must come with clean hands.' Recrimination is a complete bar to the right of a party to obtain a divorce, although he may have established the grounds supporting his charge by conclusive evidence. It is strictly a plea in defense of an action, and may be established by showing that the plaintiff has been guilty of such conduct toward the defendant as, standing alone, would justify the Court in granting a divorce to the defendant. Smith v. Smith, 181 Ky. 55, 203 S.W. 884, and authorities therein cited. The facts relied on in support of a plea of recrimination are not required to be like or similar in character to the grounds alleged by the petitioner. Thus proof of statutory abandonment, cruel and inhuman treatment, etc., may be proved in support of a plea of recrimination in bar of an action for divorce based on the ground of adultery, lewd and lascivious conduct, or any other statutory cause."

■ So, it may be seen the court is not dependent strictly upon the words of the statute but may refuse generally to offer its assistance to those who by their conduct have denied to themselves the right to summon the aid of a court of equity. We think appellant here, by his conduct, has lost that right because there is sufficient evidence upon which the court properly could base its holding that appellant was in fault particularly in view of the fact that he knew of appellee's activity after marriage and participated in the use of her earnings. In addition, while appellant testified to certain incidents of striking with some resultant injury, the appellee also testified to several instances of uncontrolled temper on the part of appellant.

■ In view of the above holding, we think it unnecessary to discuss the ques-

tion of whether or not the court abused its discretion in overruling appellant's motion to amend his complaint because the recrimination shown would apply equally to either ground. Nor do we find error in the trial court's assessment of attorneys' fees in the sum of $300 because, while the record shows the wife to be also in fault, we are unable to determine from the evidence that she had an ample estate out of which she might pay them. KRS 453.-120, and Hartstern v. Hartstern, 311 Ky. 564, 224 S.W.2d 447.

Judgment affirmed.