Thelma L. **TAYLOR**, Appellant,

v.

Charles L. **TAYLOR**, Appellee.

Court of Appeals of Kentucky.

Feb. 5, 1960.

E. H. Walton, Covington, for appellant.

Omer Stubbs, Covington, for appellee.

PALMORE, Judge.

This is an appeal by the wife from a judgment granting to the husband an absolute divorce, custody of the children, all of the furniture owned by the parties, and a residence bought by them in the wife's name, and denying relief of any sort to the wife.

Having made a clean sweep in the trial court, the husband has chosen to rest on his accomplishments and declines to favor us with a brief. Under the circumstances it would· be proper to reverse the judgment (except as to the granting of divorce) without considering the merits of the case. RCA 1.260. In fairness to the trial court, however, we have nevertheless examined the record and will point out the respects in which we think the judgment ought to be modified.

The parties were married in 1940 and have a son and daughter whose approximate ages at this time are 19 and 16, respectively. The husband earns $70 per week at a laundry. The wife earns $40 per week as a saleslady in a department store. They have a home purchased in 1952 for $9,500 with a down payment of $1,000, which included $975 saved by the wife out of her own earnings. The wife being, according to the husband's testimony, "a lot younger than me" (12 years) and therefore expected to live longer, the title was taken in her name only. The home is furnished with 5 rooms of furniture accumulated by their joint efforts. Apparently there is a balance of some $6,000 owing on the house mortgage and $600 against the furniture.

Conceiving the wife's fault to be the sole cause for the divorce, the trial court awarded everything to the husband. This was error, for under any circumstances the wife was entitled to restitution in the amount of her contribution to the purchase of the home. Under the statutes providing for restoration, KRS 403.060(2) and KRS 403.065, the matter of fault is of no consequence. See, for example, Bell v. Bell, 299 Ky. 7, 184 S.W.2d 124. Therefore, the home cannot be restored to the husband without provision for restitution of the $975 contributed by the wife to the down payment, together with such addi-

tional sums as she may have paid on the principal of the mortgage debt. Upon the same principle we think she is entitled to a fair division of the furniture, since some of her earnings went into it.

■ It is argued further on this appeal that under the facts of the case the judgment should have been in favor of the wife, thereby entitling her to alimony, and that under the doctrine of Coleman v. Coleman, Ky., 269 S.W.2d 730; Conlan v. Conlan, Ky., 293 S.W.2d 710, and Bailey v. Bailey, Ky., 294 S.W.2d 942, she would be entitled to alimony even if it be conceded that she was primarily responsible for the breach. The rule stated in those cases is that when the wife has not been guilty of moral delinquency and the husband has not been entirely free of fault the wife *may* be entitled to alimony even though the divorce is rightly granted to the husband. But such entitlement is not mandatory. It is a matter within the discretion of the chancellor, the exercise of which would not be disturbed on appeal unless the results were clearly unconscionable.

■ In this case the evidence indicated that the wife had been going with another man for some 5 years, during the course of which, among other things, she had received from him a slobbering love letter which fell into the husband's hands. Although she and the other man both denied any knowledge of or connection with this literary effort, the other man's wife, who subsequently divorced him, testified that it was in his handwriting. On one occasion the other man's wife and her brother visited the appellant in an effort to persuade her to give up this association, but appellant merely denied its existence. This and other evidence certainly created an issue sufficient to support the trial court's factual conclusion to the effect that the wife and the other man had been keeping "steady company" and its legal conclusion to the effect that this conduct constituted cruel and inhuman treatment. Kreidler v. Kreidler,

301 Ky. 105, 190 S.W.2d 1012, does not furnish authority to the contrary. Association with a person or persons of the other sex may or may not amount to cruel and inhuman treatment, depending on the circumstances of the particular case, but when such an association is clearly a courtship there can be no doubt.

The trial court's direct finding against the wife on the issue of her association with the other man necessarily stigmatizes her testimony. The fact that she denied the relationship is strong evidence that it was an improper one, and if it was improper it would be sufficient basis for denial of alimony, particularly when coupled with the giving of false testimony.

Affirmed except as to the restoration of property, with directions to modify the judgment so as to allow and secure to appellant restitution in the amount of her contributions to the real property restored to appellee and a division of the furniture and household effects.