**Beulah SEARS, Appellant,**

v.

**Lonzo Tulley SEARS, Appellee.**

Court of Appeals of Kentucky.

Oct. 14, 1960.

Fritz Krueger, Somerset, for appellant.

Lawrence Hail, Somerset, for appellee.

MOREMEN, Judge.

Appellee, Lonzo Sears, sued for divorce from his wife, appellant Beulah Sears, on the ground of "cruel and inhuman treatment." The court found appellant at fault and granted a divorce to appellee. No alimony was awarded and neither was appellant given an allowance for her attorney's fee. On this appeal she complains of the court's failure to grant her either alimony or the attorney's fee.

The general rule is that alimony will not be awarded a wife when her husband is granted a divorce because of her fault or misconduct. Humphress v. Hum-

phress, Ky., 240 S.W.2d 625, and Coleman v. Coleman, Ky., 269 S.W.2d 730. In the latter case it was added that if the wife is not wholly at fault and is not guilty of any moral delinquency, she may be entitled to alimony although a divorce is granted to the husband. There is no question in this case of moral delinquency. It must be remembered that alimony is not granted as an absolute right—it must be the result of some need shown on the part of the wife and ability to pay by the husband. See Taylor v. Taylor, Ky., 331 S.W.2d 895.

The parties were married on the 1st day of July 1955, and lived together until August 6, 1957. Each had been married previously. At the time the divorce action was heard by the court appellee was fifty-nine years of age and appellant was ten years younger. Two or three years before the divorce suit was filed, appellee had suffered a coronary occlusion and the doctor who attended him testified that it was doubtful that appellee could perform even light work without subjecting himself to danger. Since then he has had no gainful employment and his property is estimated to be worth approximately $10,000. Appellant is in good health and occasionally has had gainful work. However, at the time of the divorce she was not working. The value of her real estate and personal property is approximately $5,000. She seems to have income from a small apartment and she has industriously canned and preserved food from her garden. Under the circumstances the trial court reached a fair conclusion. The invalid appellee's estate is not sufficiently large to share with another and still allow him to survive. The estate of the wife is small also, but she seems to have lived with some comfort. It is conceded that neither party obtained any property of value from the other during the short span of their marital relation.

The question of whether the court should have allowed the attorney's fee to the wife offers a more troublesome problem. KRS 453.120 provides that the husband shall pay the costs of each party unless it appears in the action that the wife is in fault and has ample estate to pay the costs. The trial court did order the appellee to pay the costs, but excluded from them the attorney's fee for appellant. The amount of appellant's estate may not be accurately described as being "ample" but there is an indication that she has some available cash or building and loan stock which may be readily converted into cash, out of which she will be able to pay the attorney's fee. Under the peculiar facts of this case where the husband has only a small income and is unable to work, we believe the court properly excluded the attorney's fee from the taxed costs.

Judgment affirmed.