## MARY C. HERRICK v. J. F. HERRICK.

**Husband and Wife—Improvements on Wife's Land by Husband—Lien.**

Where a husband voluntarily makes improvements on the land of his wife, not in pursuance of any ante-nuptial agreement or in expectation of being reimbursed through his right to hold and enjoy the wife's land, such expenditure does not come within Section 6, Article 3, Chapter 47, R. S., or Section 462, Civil Code Practice and he is not entitled to a lien for the improvements made upon divorce from his wife.

**Divorce—Declaration of Wife.**

The declaration of a wife that she is willing that her husband shall be reimbursed for improvements made on her land, by "sale of stock or otherwise," is not sufficient to charge her realty upon divorce of the husband and wife.

**Appeal—Reversal—Relief Not Asked for.**

The Court of Appeals will not reverse a case for failure to grant relief which was not asked for in the trial court.

**Divorce—Failure to Allow Alimony.**

Failure to allow a wife alimony was not error where the wife had sufficient estate of her own for the comfortable support of herself and children, and the husband had little or no estate.

APPEAL FROM MADISON CIRCUIT COURT.

February 25, 1874.

OPINION BY JUDGE LINDSAY:

This court having no power to review the judgment of divorce, we will confine our inquiries to the rights of the parties touching the property involved in the litigation, the right of appellant to maintenance and alimony, and the claims of each party to the custody of their children. Whilst the parties were living together as husband and wife, appellee expended considerable sums of money in erecting a dwelling house upon his wife's land. For the amount thus expended he asserted a claim against her, and when the decree of divorce was rendered, it was adjudged that the lands so improved should be subjected to the payment of four thousand dollars. It is not claimed that this money was expended pursuant to an antenuptial agreement, nor is there any fact established tending to show that it was made in consideration or by reason of the marriage. It was the voluntary act of the husband, who doubtless expected to be reimbursed by and through his right to hold and enjoy the improvements, as husband of the appellant. Such an expenditure does not come within the provisions of Sec. 6, Art. 3, Chap. 47, Rev. Stat., nor of Sec. 462, Civil Code of Practice. This question was materially considered by this court in the recent case of Phillips v. Phillips, Manuscript Opinion, and a conclusion adverse to appellee's claim was reached.

Nor is there any special hardships in this case. Appellee made the improvement knowing the land to be the property of his wife, and aware of the fact that his right to an estate for life in such land depended upon the continuance during his or her life, of the marriage relation. If he had died it is clear his personal representative could have asserted no claim against appellant on account of this expenditure. The decree of divorce, so far as his claims to the defendant's lands are concerned, was a civil death, and left him in no more favorable attitude than his personal representative would have occupied in case he had died whilst the marriage relation existed. There is nothing in the petition of appellant that precludes her from seeking a reversal of so much of the judgment as subjects her realty to the judgment of this claim. She did say that to the extent he had expended money on her farm, she was willing that he should be reimbursed by a "sale of stock or otherwise." Such an offer as this, made by a married woman, can not be regarded as sufficient to change her realty. Appellee was to some

extent reimbursed by being allowed to collect and retain the rents accruing on the farm during the year in which the final decree of divorce was rendered.

As appellant thus secures the benefit of appellees' expenditure upon her land, and she has no right to complain that she was not allowed maintenance pending the suit for divorce. Nor should she complain that appellee was not required to pay the fees of her attorneys. No motion was made for an allowance for either of these purposes, and in view of the equities of the case, we will not reverse because the chancellor did not grant relief that was not asked, either in the pleadings or by motion.

The failure to allow appellant alimony was not error. She seems to have sufficient estate of her own, for the comfortable support of herself and the two children she was allowed to retain; and the proof conduces to show that appellee has little or no estate, since he can not assert his claim for the improvement of appellee's farm. We approve the disposition the chancellor made of the infant children. The feeling of both parties were respected as far as possible, and there is nothing in the proof that satisfies us that appellee is not a proper custodian for the oldest child. He certainly entertains for it a very warm affection, and we have no reason to believe that his habits disqualify him from rearing it properly. Should it turn out that he is not a proper custodian for this child, the court may, upon petition, compel him to surrender it to its mother or to some other proper person. It seems to this court that to have required appellee to execute a bond, convenanting to obey the judgment and future orders of the court touching the custody of this child, would have been unreasonable and futile. No recovery could be had upon such a bond, as no measure of damages for its breach could be fixed. The parties were properly required to maintain the children committed to the custody of each.

The court erred in refusing appellant a judgment for her costs, and in subjecting her land to appellee's claim for improvements. For the correction of these errors and to the extent indicated, the judgment is reversed. The cause is remanded for a judgment conformable to this opinion. On the cross-appeal of appellee the judgment is affirmed.

*C. F. Burnam, for appellant.*

*Carpenter, Bennett, J. F. Herick, for appellee.*