## Ketterer v. Nelson, et al.

(Decided December 15, 1911.)

### Appeal from Boyd Circuit Court.

1. Curtesy and Dower—Forfeiture of by Husband—Surplus.—Where the husband joined with the wife in a mortgage upon her real estate, he relinquished his right to curtesy in such part as was required to pay the mortgage, and was not entitled to be paid out of the surplus proceeds of her real estate a curtesy or dower valuation based upon the entire valuation of the property.

2. Physician's and Nurse's Bill.—The claim of the husband to be reimbursed out of the proceeds of the wife's property for her physician's and nurse's bill cannot be sustained, these items being in the nature of necessaries for the wife for which the husband was primarily liable, and his claim for improvements upon her real property was properly disallowed, for equity will not imply a promise on the part of the wife to pay for improvements, and the presumption is that in such cases he will be reimbursed by the use and enjoyment of the land.

J. F. STEWART for appellant.

GEO. B. MARTIN for appellee.

OPINION OF THE COURT BY JUDGE SETTLE—Affirming.

This case presents a controversy between the appellant and the brothers and sisters of his deceased wife over the distribution of the proceeds of her real estate, she having died childless and intestate.

There seems to have been no administration of the decedent's estate and this action was brought by the husband to settle the estate.

The decedent owned at the time of her death a lot in the City of Ashland upon which was situated a combined residence and business house. She owed no debts except a note of $1,000.00 to Mrs. Casebolt, a note of $850.00 to Mrs. Gartrell both secured by mortgage liens upon her real estate, and to the City of Ashland $275.73 for street improvement, for which it had and

asserted a statutory lien upon the property in question.

The circuit court adjudged that the creditors named had liens upon the real estate left by the decedent to secure their respective debts, directed its sale to pay them, and that a sufficiency of the residue of its proceeds be applied to the payment of appellant's curtesy or dower right in the real estate, and the remainder to the decedent's two brothers and sister, who are her only heirs at law.

The appellant complains of the judgment and insists it should have directed that he be paid his curtesy or dower upon the basis of the entire price realized by the sale of the decedent's real estate, instead of out of the surplus after payment of the liens thereon, as was adjudged.

He also contends that before the distribution of any part of the proceeds of the real estate among the decedent's heirs at law, the judgment should have directed that he be reimbursed out of same for certain sums he paid for the burial of his wife, in satisfaction of physicians' and nurses' bills incurred during her last illness, and for improvements upon her real estate made before her death.

These several contentions we will now consider in the order named.

The surviving husband's interest in the deceased wife's real estate is declared by Sec. 2132, Kentucky Statutes, which provides:

"After the death of either the husband or wife, the survivor shall have an estate for his or her life, in one-third of all the real estate of which he or she, or any one for his or her use, was seized of an estate in fee simple during the coverture, unless the right to such dower or interest shall have been barred, forfeited, or relinquished; and the survivor shall have an absolute estate in one half of the surplus personalty left by such decedent."

It will be observed that by the language of the statute appellant's curtesy or dower only extended to such of the wife's real estate, or interest therein, as had not been barred, forfeited, or relinquished. By his act in joining in the mortgages which the wife gave upon the property, appellant relinquished his curtesy or dower therein to such part thereof as might be required to pay the mortgage liens; and the lien debt due the

City of Ashland for the street improvement being in the nature of a tax lien upon the property, was also superior to his interest in her real estate. In view of these facts, he was not entitled to be paid out of the surplus proceeds of the real estate for such interest a valuation based upon the entire value of the property.

In Harrison vs. Griffith, &c., 4 Bush, 146, we held that a widow is entitled to dower in what remains of the proceeds of the sale of the house and lot, to which her husband held an equitable title at his death, after satisfying a vendor's lien, and also satisfying an execution lien in favor of the Commonwealth, to pay which he had surrendered the house and lot in writing. We think this case conclusive of the one at bar as to the question of appellant's curtesy or dower, therefore, the judgment of the lower court on that point was not error.

Appellant's claim to be reimbursed out of the proceeds of the property for the wife's physician and nurse bills and burial expenses, cannot be sustained, these items being demands in the nature of necessaries for the wife for which he was primarily liable. We do not think the case of Carpenter v. Hazelrigg, 103 Ky., 538, relied on by appellant militates against this conclusion. It is true the wife's physician's bill and funeral expenses were in that case ordered to be paid out of the proceeds of her land, but it was because the husband had failed to pay them. In the opinion it is said:

"Whilst the husband is bound in law to pay the necessary physician's bill for his wife and her funeral expenses, yet if the husband fail to pay them, her estate is liable therefor. The husband seems to have failed to pay them and it was not error for the court to order the land sold subject to the husband's curtesy right to pay these expenses. If the land is sold to pay them, the husband can be compelled by appropriate proceedings to reimburse those to whom her estate descended."

Appellant also relies upon the case of Towery vs. McGaw, 22 R. 155, in which it was held that the wife's personalty should first be subjected to the payment of funeral expenses, but also held that medical services and the care of the wife were necessaries within the meaning of the Statute providing that the husband shall be liable for necessaries furnished the wife. The hold-

ing that the wife's personalty should be subjected to the payment of funeral expenses seems to have been based upon the ground that the bills for medical services and care of the wife had not in fact been paid by the husband, the claims therefor being asserted by the creditors directly against the wife's estate. These facts seems to distinguish Towery v. McGaw from Carpenter v. Hazelrigg, supra., with which it is apparently in conflict, and also distinguishes it from the case at bar.

In Long v. Beard, 20 R. 1036, it was held that the husband is bound in law for the physician's bill and burial expenses of his deceased wife as these are obligations for which he is primarily liable.

In Brand's Exr. v. Brand, 116 Ky., 785, it was held that the share of the husband in the wife's estate may be charged with the funeral expenses and physicians bills of the wife, as he is primarily liable for debts contracted by her, for necessaries, after marriage.

The opinion in Brand's Exr. v. Brand is the last decision of this court on the question under consideration, and we adhere to the conclusion therein expressed.

We are also of opinion that the circuit court did not err in rejecting appellant's claim for the amount expended by him in improving the wife's real estate. In Nall v. Miller, 95 Ky. 448, it was held that "equity will not imply a promise by her (the wife) to pay him (the husband) for improvements or repairs on her land while possessed, used and enjoyed in virtue of his marital rights, nor even for money advanced by him to remove an encumbrance from it. On the contrary, the presumption arises in all such cases that the consideration and motive was that he would be reimbursed by use and enjoyment of the land."

The same principle was announced in Carpenter v. Hazelrigg, supra, it being there held that the husband was not entitled to enforce a claim against his wife's land for improvements erected thereon by him whether with her money or his own.

We do not question that the wife's estate at the suit or upon the claim of the creditors, could have been made to pay the claims for which appellant demanded reimbursement, but as they seem to have been voluntarily paid by him before the wife's death, and were demands for which he could have been made primarily liable, he

is now estopped to insist upon their payment out of the proceeds of the wife's realty. Especially is this true, in view of the fact that appellant has neither alleged nor proved any express promise on the part of the wife to repay him sums expended by him for her.

Judgment affirmed.