## Miller v. Miller.

(Decided December 4, 1913).

### Appeal from Caldwell Circuit Court.

Husband and Wife—Right of Husband to Wife's Property.—A verbal arrangement between husband and wife by which the wife agreed that the husband might have an equal interest with her in the land or its proceeds, situated in Tennessee, is not binding on the wife.

R. W. LISANBY for appellant.

J. ELLIOTT BAKER for appellee.

OPINION OF THE COURT BY JUDGE CARROLL—Affirming.

The parties to this action are husband and wife, and after having lived together for more than forty years, they separated in June, 1913, as a result of differences

that came up between them in respect to the ownership and control of some property that had theretofore been managed by them jointly and peaceably. A few days after the separation the wife, who is now the appellee, brought this suit against her husband, the appellant, setting up in substance that they jointly owned four houses and lots in the city of Princeton in Caldwell County; that her husband had loaned $1,500 of their joint funds to the order of Odd Fellows, taking a note for the amount payable to himself, secured by a mortgage; that he had invested $200 of their joint fund in stock in the Great Southern Fire Insurance Company and had the stock issued to himself; that he checked out of the bank in which it was deposited $583.14 of their joint fund and appropriated the same to his own use. Upon these facts she asked that the lots be sold and the proceeds equally divided and that she have judgment for $1,141.57, this sum being one-half of the cash, the Odd Fellow note and the insurance stock.

For answer to this suit the husband, after controverting the material averments of the petition, set up in substance that when they married, in 1869, neither of them had any property, but the father of his wife placed her in possession of about fifty acres of land in the State of Tennessee where they then lived, and in which State they continued to reside until 1911. He averred that as a result of his labor and skill the land increased in value to such an extent that it was sold in 1911 for $4,000, $1,000 of which was paid in cash and notes executed for the remainder. He averred that it was at all times verbally agreed and understood between them that they should share equally in the ownership of the land and in the proceeds of the sale if it was sold. He further averred that there was collected on a judgment rendered in their favor in the State of Tennessee, $4,262, to all of which he was entitled; that his wife had taken possession of and converted to her own use the proceeds of the sale of the land, to one-half of which he was entitled, and this being so he should be allowed to retain for the purpose of offsetting this $2,000 and other money that his wife had received in which he owned a half interest, the property sought to be subjected by her and described in the petition.

All the affirmative matter in this answer was controverted by a reply in which it was also averred that the notes for which the land in Tennessee was sold were

made payable to the wife, the $1,000 cash payment also being paid to her. She further averred that she was the owner of and entitled to one-half of the Tennessee judgment for $4,262 recovered in their joint names, and that with that part of the money received in satisfaction of this judgment her husband had purchased the lots and insurance stock and had loaned a part of it to the Odd Fellows, and the remainder, $583.14, had withdrawn from the bank.

After this the husband filed an amended answer in which he set up certain provisions of the statute law of Tennessee showing that the husband is entitled to his wife's choses in action and personal property by reducing them to possession. It was further averred in this amended answer that all of the personal property they had, amounting to $1,400 when they left Tennessee in 1911, was and had been in his possession, and that the money recovered on the Tennessee judgment was his property. He further set up in the reply that he paid a debt of $500 against the land in Tennessee that his wife received from her father, and put improvements on the land of the value of $2,000.

There is also filed with the record a deed made by Miller and his wife conveying to their two children fifty acres of land in the State of Tennessee subject to the life estate of the grantors.

Afterwards this amended answer was stricken from the files and thereupon the case was submitted upon the petition, answer, reply and the deed made by the parties hereto to their children, and it was adjudged by the court that the money received on the Tennessee judgment was the joint property of the husband and wife, and that the husband had no interest in the proceeds of the sale of the Tennessee land. The court further found that the wife was entitled to one-half of the Odd Fellows note, one-half of the insurance stock and one-half of the $583.14 withdrawn by the husband from the bank, making a total of $1,141.57. It was further adjudged that the real estate, which was indivisible, was bought with money owned jointly by the husband and wife, and it was ordered that the lots be sold and the proceeds divided equally between the parties and that the interest of the husband in the lots be charged with a lien to secure the payment of the $1,141.57 found to be due the wife. From this judgment the husband appeals.

We think the judgment of the lower court was equitable and fair under the facts disclosed by the pleadings. The husband had no enforceable interest in the land of his wife in Tennessee or in the proceeds of this land, as when it was sold the cash consideration was paid to the wife and the notes were executed to her. Nor did the husband have any lien on the Tennessee land to secure any sums he may have expended in improving the property or in paying a debt of $500 that was probably a charge against it. The verbal agreement it was averred existed in reference to this land and its proceeds was not binding on either of the parties. The Tennessee judgment was rendered in a suit in which the husband and wife were parties plaintiff, and the judgment was in their joint favor, and it does not appear that the part of this judgment to which the wife was entitled was ever reduced to the possession of the husband in the State of Tennessee.

Under these circumstances there is no escape from the conclusion that the wife was the owner of one-half of the money loaned to the Odd Fellows, one-half of the money invested in the purchase of insurance stock, one-half of the money used to purchase the lots, and one-half of the cash appropriated by the husband.

The judgment is affirmed.