## Sandusky v. Sandusky.

(Decided October 28, 1915.)

### Appeal from Daviess Circuit Court.

1. Divorce—In Action for by Wife, Husband May Recover for Value of Improvements.—In a suit for divorce by the wife, the husband, under a contract with the wife that he would be reimbursed for the same, placed lasting and valuable improvements on her land, and in his answer to the divorce suit sought to have judgment for the value of these improvements. Although the claim asserted by the husband was not to have restored to him property obtained by his wife in consideration or by reason of their marriage, but to enforce a claim arising out of a contract between them, the court could, in the divorce proceeding, grant the husband the relief to which he was entitled.

2. Divorce—Property Rights of Parties—Practice.—Where a suit is brought by either party for a divorce from the bonds of matrimony, the property rights of the parties, although not coming within the meaning of Section 425 of the Code, may be adjusted in that suit and thus avoid the necessity of two suits to settle what might be accomplished in one.

3. Husband and Wife—Contracts Between—Improvement of Wife's Property by Husband.—Husband and wife may enter into contracts with each other and have all the remedies extended to other than husband and wife for the enforcement of contracts so made, and if the husband, under a contract with the wife by which he is to be paid therefor, places on land owned by her improvements, he may recover from her the agreed price, or, in the absence of an understanding as to the price, the cost of the improvements, if the agreement under which they were made contemplated the payment to him of their cost.

FRANK C. MALIN for appellant.

W. T. ELLIS and J. HOUSTON PAYNE for appellee.

OPINION OF THE COURT BY JUDGE CARROLL.—Affirming.

Although the amount in controversy in this case is less than five hundred dollars, and the judgment will be affirmed, we have granted an appeal and will write an opinion, as the decision of the questions presented may be of some interest in the administration of law.

The parties to this litigation are husband and wife, and in this suit by the wife, now the appellant, to obtain a divorce from her husband, now the appellee, the husband filed an answer in which, after controverting the grounds of divorce relied on, he set up that at the instance and request of his wife he invested in permanent and valuable improvements on land owned by her the sum of one thousand dollars, under an agreement that she would repay to him the amount expended in the improvements; and he asked that he be adjudged a lien on the property on which these improvements were placed to secure the amount expended pursuant to the contract under which the improvements were made.

After the case had been prepared for trial, the court rendered a judgment granting the appellant a divorce from the bonds of matrimony, and further found that the value of the improvements placed on the property of appellant by appellee was $350, and she was directed to pay to him this sum; and it appearing that it was agreed between the parties that the rents of the improved property should be applied to satisfy the cost of the improvements, the commissioner of the court was ordered to take charge of that portion of the property described in the judgment and rent out the same and apply the proceeds to satisfy the judgment in favor of appellee.

Some minor grounds of reversal are relied on, but the only one that we deem of sufficient importance to write about is the contention that it was error to give appellee a judgment for the value of the money expended by him during the marriage in putting valuable and lasting improvements upon the property of his wife.

Section 2121 of the Kentucky Statutes provides in part: "Upon final judgment of divorce from the bond of matrimony the parties shall be restored such property, not disposed of at the commencement of the action, as either obtained from or through the other before or during the marriage in consideration thereof." And in section 425 of the Civil Code it is provided: "Every judgment for a divorce from the bond of matrimony shall contain an order restoring any property not disposed of at the commencement of the action, which either party may have obtained, directly or indirectly, from or through the other, during marriage, in consideration or by reason thereof; and any property so obtained, without valuable consideration, shall be deemed to have been obtained by reason of marriage. The proceedings to enforce this order may be by petition of either party, specifying the property which the other has failed to restore; and the court may hear and determine the same in a summary manner, after ten days' notice to the party so failing."

One objection pointed out to so much of the judgment as awarded appellee $350, is that in an action for divorce the court is only authorized by these provisions of the Statutes and Code to restore property which either party may have obtained from or through the other, during marriage, in consideration or by reason thereof, and that as the claim asserted by the appellee was not to have restored to him property obtained by his wife in consideration of or by reason of their marriage but to enforce a claim arising out of a contract between them, a separate action to obtain the relief to which he was entitled should have been brought by the appellee.

It is true that the right of the appellee to the relief granted by the lower court rested on and grew out of the contract made between these parties after their marriage, and did not arise from a state of facts coming within the meaning of the statutory provisions referred to. But, nevertheless, we are of the opinion that the court had the power to grant the relief adjudged in this action.

When a suit is brought by either party for a divorce from the bonds of matrimony, there seems to be no good reason why the property rights of the parties should not be adjusted in that suit, and thus avoid the necessity of bringing two suits for what might be accomplished in one. The section of the Code does not exclude the court from adjusting property rights arising under contract between the parties to a divorce suit; and when property rights are asserted in a divorce suit, whether they arise under the grounds specified in the Code or under grounds resting in contract, the court having jurisdiction of the subject matter and the parties may settle all questions between them that are presented by the pleadings. It is the policy of the law to avoid a multiplicity of suits, and when the matters at issue between the parties litigant can be settled in one suit, this course should be pursued.

Another objection urged to the judgment is that the court should not have given the husband a judgment against the wife for anything on account of the improvements placed by him on her property.

Adopting the conclusion of the chancellor on the facts of this case, that the husband expended $350, putting permanent, useful and valuable improvements on the land of the wife under an agreement that he should be repaid out of the rents of the property for the amount expended in making the improvements, we find no reason for disturbing the judgment of the chancellor upon the ground relied on by counsel for appellant.

In Coleman v. Coleman, 142 Ky., 36, and many other cases, this court has held that the husband and wife may enter into contracts with each other and have all of the remedies extended to persons other than husband and wife for the enforcement of the contracts so made. Therefore, if the husband, under a contract with his wife by which he is to be paid therefor, places on lands owned by her improvements, he may generally recover from her the agreed price, or, in the absence of an understanding as to the price, the cost of the improvements, if the agreement under which they were made contemplated the payment to him of their cost.

It is, however, contended by counsel that in Nall v. Miller, 95 Ky., 448; Carpenter v. Hazelrigg, 103 Ky., 538; Stroud v. Ross, 118 Ky., 630; Ketterer v. Nelson, 146 Ky., 7, and Bean v. Bean, 164 Ky., 810, this court has ruled that the husband should not be compensated for the

value of improvements. We do not, however, understand any of these cases to announce the rule that although the husband puts permanent and lasting improvements on the land of his wife under a contract with her that he is to be compensated for the improvements, he cannot recover under the contract.

In the Nall case the controversy was between the husband and the heirs of the wife, and as showing that the question here involved was not before the court in that case, it is said in the opinion that "it does not appear Eliza J. Miller ever agreed to pay or charge her land with payment for improvements or repairs put upon it, or for any money paid or services rendered by her husband. * * * There being then no agreement on her part to pay him for such services or advances of money, the law will not imply any. * * * Equity will, under particular circumstances, give effect to a contract between husband and wife, even at his suit, if fair, just, and founded upon a valuable consideration; but will not imply a promise by her to pay him for improvements or repairs on her land while possessed, used and enjoyed in virtue of his marital rights, nor even for money advanced by him to remove an incumbrance from it." To the same effect is Ketterer v. Nelson, 146 Ky., 7.

In the Carpenter case it does not appear that the improvements, with the value of which the husband sought to charge the estate of the wife, were placed on her land under any agreement or understanding that the husband should be paid for them.

In the Stroud case the husband, after the death of the wife, sought to recover from her estate money that he had expended in making improvements on land owned by her. And the court said: "We are of the opinion that to the extent appellant, on the faith of the agreement entered into with his wife, advanced his own money for the purchase and improvement of real estate, the title to which was taken to her, after the execution of the obligation between them, he is equitably entitled to be reimbursed therefor, either by the sale of the property or a transfer of the title to him;" but denied Stroud the right to be reimbursed for taxes paid or improvements made upon real estate which the wife owned in her own right and to the purchase of which he did not contribute his money. But it is clear from reading the opinion that the husband was denied the right of recovery for the value of im-

provements he placed upon her real estate because there was no agreement made with her that he should be reimbursed for these improvements.

In the Bean case the husband's claim to be reimbursed for improvements put upon the land of his wife was rejected upon the ground that under the circumstances of that case it would be inequitable to allow it.

There might of course be a case presenting facts and circumstances that would make it inequitable to allow the husband for improvements on the land of his wife and in such a case the chancellor should disallow his claim, but the equitable reasons that might in some cases deny him a recovery do not appear in this case.

Wherefore, the judgment is affirmed.