## Thoben v. Thoben.

(Decided March 28, 1924.)

Appeal from Jefferson Circuit Court
(Chancery Branch, First Division).

1. Husband and Wife—Improvements Upon Wife's Lands Presumed for Her Benefit.—As a general rule, improvements placed by husband upon lands of wife are presumed to be intended by him for her benefit, and he is not entitled to compensation therefor.

2. Husband and Wife—Agreement to Reimburse Husband for Improvements on Wife's Land Enforceable.—Where improvements are made by husband upon wife's land under an agreement whereby she undertakes to reimburse him or to give him a lien upon the property for the money expended, the agreement may be enforced.

3. Divorce—Judgment Awarding Alimony and Attorney's Fees Set Aside in View of Property Acquired by Wife.—Where it appeared

wife had obtained practically all the property owned by the two, a large part of which was paid for by the husband, and had in addition an independent estate of her own amounting to several thousand dollars, a judgment awarding her alimony and attorney's fees held improper.

4.  Divorce—Judgment for Divorce Cannot be Reversed.—The Court of Appeals has no power to reverse a judgment for divorce.

MATT O'DOHERTY for appellant.

CLEM HUGGINS, R. C. OLDHAM and FRANK COYLE for appellee.

Opinion of the Court by Chief Justice Sampson— Affirming in part and reversing in part.

A divorce was granted appellant, Mary Alice Thoben, and by the same judgment she was awarded $2,000.00 in alimony and the return of an additional $2,000.00, which the court held had theretofore been furnished by her and her mother to appellee, Chas. J. Thoben, with which to make improvements upon a building lot on Broadway, in Louisville. In 1915 he was the owner of a lot on Broadway. Just how he acquired it is not shown by the record, nor does it appear what he paid for it. In that year he conveyed the lot by deed of general warranty direct to his wife in consideration of $2,000.00 cash, which sum was paid to him by the mother of the wife. The deed recites "that for a valuable consideration, and love and affection, the receipt of which is hereby acknowledged, the party of the first part hereby conveys to the party of the second part in fee simple, with covenants of general warranty, the following tract of land, with improvements thereon, located in the city of Louisville, Kentucky" (here then follows the description of the lot). The deed is signed and acknowledged by Charles J. Thoben. It was made December 24, 1915, and recorded on the 27th of the same month. While the deed does not set out the consideration paid, appellee admits he received $2,000.00 for the lot. In his answer he says the lot was of the reasonable value of $1,500.00. He also avers with the $2,-000.00 and other money he erected a residence upon the lot worth $5,500.0. Just how soon this building was placed on the lot after it was conveyed to the wife is not shown. At any rate, after the completion of the residence, appellee and wife moved into the home and resided there together for several years. When they became

estranged he moved to the home of his mother and resided there up to the time of the taking of proof in this case, but it now appears that he has taken up his abode in California.

It is his insistence that the deed was made by him to his wife merely to induce the mother-in-law, who lived with them, to provide the $2,000.00 with which to build a house, and that it was not the intention of the parties to finally divest him of property in the lot but only to give the wife a lien for the $2,000.00 furnished by her mother. There is no evidence to support this contention. The deed is an absolute one. He received more than he alleges was a fair value of the lot at that time. He was not bound, so far as the record shows, to put the improvements upon the lot. He did that of his own accord.

As a general rule improvements placed by the husband upon the lands of the wife will be presumed to be intended by him for her benefit, and he is not entitled to compensation therefor. Nor does he acquire a lien on the land or interest therein. It is neither pleaded nor proven in this case that appellee, Charles J. Thoben, put the improvements on the lot under an agreement with his wife by which she was to pay for same or by which he was to have a lien upon the property for the cost of the improvements. If this were so, he should be reimbursed. Where the improvements are made under an agreement between the husband and wife whereby she undertakes to reimburse him for the improvements, or to give him a lien upon the property for the money expended, the agreement may be enforced. 30 C. J., pp. 859, 915, 916; Miller v. Miller, 156 Ky. 267; Stroud v. Ross and others, 118 Ky. 630; Nall, &c. v. Miller, 95 Ky. 448; Harrick v. Herrick, 7 Ky. Op. 527.

Without an express agreement to pay for improvements the wife is not bound to do so. The law does not imply an agreement on her part to pay her husband for such improvement.

From the evidence we learn that appellee, Charles J. Thoben, at one time owned a majority of the stock in a canning and preserving corporation in Louisville of the value of $5,000.00, but owing to the high price of sugar and other conditions and circumstances the business became unprofitable and instead of making money he lost money; that finally the debts of the corporation became

so great that he surrendered his entire holding in the corporation on condition that the taker assume the obligations. He had no other property of consequence. He claimed the house and lot in which he and his wife resided, but this claim, as we have seen, was without foundation. So it seems appellee Charles J. Thoben is by the judgment divested of his entire estate. Moreover, he is required to pay his wife $2,000.00 in alimony and also to pay her $350.00 as attorney fees and the cost of the action. The chancellor tried to ameliorate conditions by adjudging him the house and lot subject to a lien of the wife for $2,000.00, the amount furnished by her mother. The house and lot are shown to be worth from $7,000.00 to $10,000.00. As under the law it is impossible to restore the lot on which the house stands to the husband, he having received a valuable consideration for the conveyance, it must be presumed that the chancellor did not intend to burden him further with alimony or the repayment of the $2,000.00, which was furnished by the mother.

Under all the circumstances we are of opinion that the judgment for alimony should be reversed and set aside, as also the judgment for the return of $2,000.00 paid by the mother-in-law for the lot. As the wife obtained practically all the property owned by the two, a large part of which was paid for by appellee, Charles J. Thoben, we think equity requires the wife to pay her attorney fees. This is clearly equitable in view of the fact that she has an estate independent of the property involved in this controversy amounting to at least $8,000,00 while he has nothing.

For the reasons indicated the judgment for alimony is reversed with direction to set it aside *in toto,* as well as the judgment for $2,000.00 paid for the lot, and the attorney fee of $350.00. In lieu thereof the chancellor will direct appellant to arrange her own attorney fee, and adjuge her the owner of the house and lot described in the answer.

We have no power to reverse a judgment for divorce if we desired to do so. The judgment affecting the property rights, alimony and attorney's fees alone are reversed.

Judgment affirmed in part and reversed in part.