## Ritchie v. Ritchie.

September 30, 1949.

Rehearing denied December 16, 1949.

Courtney C. Wells for appellant.

Don A. Ward for appellee.

CLAY, COMMISSIONER—Affirming in part, reversing in part.

This suit was brought by appellee against his wife, appellant, in which he sought and was granted an absolute divorce. The principal controversy on this appeal involves the ownership of a house and lot on High Street in Hazard. The Chancellor "restored" it to appellee.

The evidence is convincing that in 1936 the wife initiated negotiations for the purchase of the real estate in controversy. The purchase price was $1,650. There was no down payment on the property, but by mortgage contract, she undertook to pay for it at the rate of $25.00 per month. This mortgage was signed by both husband and wife. At the same time the two parties executed a mortgage on another piece of real estate which was owned by the husband but had been deeded to the wife "for business reasons." Though this other lot stood in her name, she did not and does not claim it was her property.

After the lot was purchased, the wife undertook its management, and by renting out rooms, was able to liquidate the purchase price. Subsequently the parties

mortgaged the property for $2,500, and the husband received the larger portion of the proceeds.

The wife seems to have contributed substantially to the maintenance of herself, her husband, and their only son for a number of years, not only from the rents realized from the home but by virtue of her working from time to time. She made most, if not all, of the payments on the house from rents received or her own funds.

It is the husband's contention, sustained by the Chancellor, that this real estate, though standing in the name of the wife, was obtained from or through him in consideration or by reason of marriage. If this is true, it was properly restored to him upon a judgment for divorce as provided in KRS 403.060(2), and Civil Code of Practice, Section 425.

The property in controversy was not obtained from or through the husband. The purchase was made by the wife, and title was conveyed to her. The only connection appellee had with the transaction was in signing the mortgage on the property purchased and joining with his wife in the execution of the other mortgage on property which he equitably owned. The effect of these acts was to loan his credit. The wife, however, undertook the primary obligation to pay the purchase price, and she did pay it through wise management of the property.

It is, of course, true that if the husband had purchased this lot and furnished the consideration therefor, the fact that the wife had applied rents in liquidation of the purchase price would not give her any ownership in the property. See West v. West, 229 Ky. 125, 16 S. W. 2d 781. In this instance the purchase was not made by the husband, and title was not obtained from or through him. In view of all the circumstances, this real estate at no time belonged to the husband, and the Chancellor erred in directing that it be restored to him.

Appellant contends that even though appellee was granted the divorce, she is entitled to alimony. Careful review of the record convinces us there is no merit in this contention.

For the reasons stated, the judgment is reversed in part for proceedings consistent herewith.