## BOHANNON v. BOHANNON.

Court of Appeals of Kentucky.

May 30, 1952.

Sidney Baer and Edwin I. Baer, Louisville, for appellant.

Hardy & Logan, Louisville, for appellee.

STANLEY, Commissioner.

In a counterclaim for divorce, William I. Bohannon sought recovery of a half interest in a house and lot which had been conveyed by third parties to his wife, Rose Hall Bohannon, sole grantee. The husband was granted a divorce but denied the recovery. No alimony was awarded. Bohannon appeals from so much of the judgment as denied him recovery of an interest in the property.

Mrs. Bohannon bought the property in September, 1942, for $5,700. She paid $1,300 of her own funds and executed and assumed notes payable $60 a month, secured by first and second mortgages. Her husband did not sign them. The evidence on the issue is, in the main, confined to that of the parties. His testimony on the point is,

"She told me that the price went to $60 a month and that I was to pay one note and she would pay the other. That was $30 a month each." He further testified that he had satisfied the second mortgage note, aggregating $1,642, by paying $30 a month and $800 from the proceeds of the sale of a small farm he had owned. Mrs. Bohannon testified he was then going into business and had given her $500 to apply on the debt so that in case of failure, they would have a little money. She further testified that he had agreed to pay her $30 a month in lieu of the rent which he had been paying where they had lived, but he had done so only now and then, the money to be used as she pleased. She sometimes paid it on the note. He claimed that during the six years they were together he had furnished material and his own labor for the repair and improvement of the property to the value of $1,000. She greatly minimized this. The parties lived in the house and rented out furnished apartments which yielded a substantial rental to Mrs. Bohannon. She was an industrious woman, apparently independent and strong-minded. She had employment outside the home with substantial earnings. In later years Bohannon had run a small hardware store, but his earnings were limited. The testimony is in conflict as to the extent the husband had provided for the support of his wife and maintenance of the household.

The Commissioner, fully analyzing the evidence, expressed the opinion that the marriage, a second for each, was one of convenience or for mercenary purposes, and that the parties, matured people, more or less kept their funds separate. Though the husband may have given her the money, as he testified, yet all the while he was living in the property and enjoying all the benefits thereof. The payments he made and applied on the debt were no more than required for the maintenance of the household. There was not even a hint of any agreement or mutual understanding that he should acquire any interest in the property.

 This case is distinguishable from those cases where there was a definite agreement between a married couple that money invested by the husband in the wife's property should be repaid or that he should acquire a proportionate interest in the property as is pointed out in Sandusky v. Sandusky, 166 Ky. 472, 179 S.W. 415. In Nall v. Miller, 95 Ky. 448, 25 S.W. 1106, 15 Ky.Law Rep. 862, and other cases, we have held that, in the absence of clear equitable reasons, where there is no such agreement, the law will not imply a promise to repay the husband the sums he spent for repairing or improving his wife's property or to apply on a mortgage debt while it was possessed, used, or enjoyed by virtue of the marriage. The presumption is that because of the husband's legal duty to maintain his wife, his intention was to make these payments as a meritorious contribution or a voluntary settlement on his wife. This property was acquired by the wife as her separate estate, and none of the money came from a common fund created by the joint earnings of both the husband and the wife. His contributions were not so substantial or proportionate as to give him an equitable interest. He shared the benefit of her ownership and was relieved of the obligation to furnish his wife a place in which to live. Sandusky v. Sandusky, supra; Ratliff v. Ratliff, 193 Ky. 708, 237 S.W. 397; Thoben v. Thoben, 202 Ky. 571, 260 S.W. 376; Ritchie v. Ritchie, 311 Ky. 569, 224 S.W.2d 648. The facts of the present case are not materially different from those in Pelton v. Pelton, 237 Ky. 110, 34 S.W.2d 970, which found the evidence supported the claim that the wife alone had paid for the property.

For the same reasons we do not think that the husband acquired any interest in the property obtained from his wife "in consideration or by reason" of the marital relation, or "property so obtained, without valuable consideration," as would authorize restoration under the terms of Sec. 425, Civil Code of Practice, or KRS 403.060(2). The payments were voluntary and for a consideration. Ketterer v. Nelson, 146 Ky. 7, 141 S.W. 409, 37 L.R.A.,N.S., 754; Bean v. Bean, 164 Ky. 810, 176 S.W. 181; Ratliff v. Ratliff, 193 Ky. 708, 237 S.W. 397.

The judgment is affirmed.