**Lillie Florence ROGERS, Appellant,**

v.

**WINCHESTER BUILDING & SAVINGS ASSOCIATION, Appellee.**

Court of Appeals of Kentucky.

May 25, 1956.

Rehearing Denied Sept. 28, 1956.

M. C. Redwine, Redwine & Redwine, Winchester, for appellant.

Beverly P. White, Winchester, for appellee.

MONTGOMERY, Judge.

The principal question on this appeal concerns the liability of appellant as surety for her husband, Allen Rogers, on a note secured by a real estate mortgage held by appellee.

Appellant and her husband, in 1953, executed their note to appellee for $5,250 and simultaneously executed and delivered to appellee a mortgage on a house and lot in Winchester to secure the payment of the note. The title to the property was held by appellant.

When the note became delinquent, appellee filed this action against appellant and her husband, seeking a judgment for the unpaid balance due on the note and an enforcement of its lien under the mortgage. The husband did not answer, but appellant answered and resisted the action. She claimed that she had signed as surety for her husband and that by reason thereof the collection of the note and enforcement of the mortgage lien should fail. Appellee's motion to strike or dismiss the answer and for a judgment on the pleadings was sustained. Personal judgment for the balance due on the note was rendered, and the court directed a sale of the mortgaged property for the satisfaction of the lien indebtedness.

It is conceded by counsel for appellee in his brief that appellant signed the note as a surety. Insofar as the judgment holds the appellant liable on the note, it is in error. KRS 404.010. This section has been amended since this action arose. See 1954 Acts, Chapter 21. Daugherty v. Brewer, Ky., 267 S.W.2d 948.

The statute specifically provided that a married woman's estate could be subjected to the payment or satisfaction of any liability upon a contract made after marriage to answer for the debt, default, or misdoing of another, including her husband, insofar as her estate had been set apart for that purpose by mortgage or other conveyance. KRS 404.010(2). By the mortgage executed to appellee, appellant set apart her property to answer for the debt of her husband, as represented by the note upon which judgment was taken. Brady v. Equitable Trust Company of Dover, 178 Ky. 693, 199 S.W. 1082; State National Bank of Frankfort v. Thompson, 277 Ky. 527, 126 S.W.2d 412; Swafford v. Manning, Ky., 272 S.W.2d 339. The cases cited by appellant, with the exception of Staib v. German Insurance Bank, 179 Ky. 118, 200 S.W. 322, are not in point because there

had been no estate set apart by the wife. In the Staib case, the wife's property was held liable since it had been set apart for the purpose of answering for her husband's debt. The judgment in the instant case was correct in ordering a sale of the wife's property to satisfy the mortgage indebtedness.

Appellant filed a request for admissions, CR 36, and also interrogatories, CR 33. The questions in each were substantially the same. The Chancellor correctly sustained the objections of appellee to the request for admissions and the interrogatories because they concerned matters both immaterial and irrelevant to the issue.

Insofar as the judgment held appellant personally liable for the unpaid amount of the note, it is reversed; otherwise, it is affirmed. Appellee is entitled to its cost on this appeal.