Lillie Florence ROGERS et al., Appellants,

v.

Allen ROGERS, Appellee.

Court of Appeals of Kentucky.

Oct. 5, 1956.

Rehearing Denied Nov. 30, 1956.

M. C. Redwine, Redwine & Redwine, Winchester, for appellants.

M. A. Rowady, Winchester, for appellee.

STANLEY, Commissioner.

The judgment awards the appellant, Lillie Florence Rogers, a divorce from the appellee, Allen Rogers, on the ground of cruel treatment, gives her the custody of the child of the parties (who is now about six years old) and requires the father to pay the mother $50 a month for the child's support. It allows a fee of $100 for her attorney. The appellant contends that the refusal of her claim for $500 alimony was error and that the effect of the court's conclusions in regard to alimony is to give her property to the husband or require her to pay alimony.

The parties were married in March, 1947. At that time the wife had title to a residence in Winchester and he moved in. The property was then mortgaged for $570. Mrs. Rogers' mother had some interest in the property. In August, 1948, the husband paid the mother $1,700 for her interest. The title has remained exclusively in the appellant. The husband has paid the taxes and insurance premiums and has maintained and improved the property from time to time. The parties apparently lived extravagantly as measured by the husband's wages as a telephone lineman of $320 to $350 a month. He made frequent trades of automobiles and ended up with a secondhand Mercury car for which he paid $1,758. The parties borrowed money from time to time, alternately reducing and increasing the mortgage on the wife's property in which they lived. The trial court expressed the opinion that the husband, by virtue of his payments, improvements and purchase of the appellant's mother's interest in the real estate, had acquired some kind of interest therein, and that he had expended more for the support of his family than his legal obligations. The court, therefore, rejected the wife's claim for alimony but held that the husband should have no interest in the property; in short, he set off one claim against the other. He also held that the husband was entitled to keep the automobile in part payment for money and services advanced on the real estate.

This is not a judgment taking the wife's property or requiring her to pay alimony as the appellant regards it. Rather, the judgment shows an intent to restore to the husband property which she acquired by reason of the marriage. KRS 403.060. At first impression, the court seems to have made equitable adjustment of the scrambled finances of these parties. It is to be remembered, however, that one of the most fundamental duties created by the law, both moral and civil, is that which requires a man to support his wife and family, which includes providing them with a suitable home. This duty exists without reference to the wife's separate estate. If the husband goes beyond furnishing what is designated as "necessaries," it cannot be regarded as imposing an obligation on the part of the wife to reimburse him. Nor is there any implied obligation on the part of the wife to compensate her husband for expenditures made in improving her separate estate where there are no special circumstances entitling him to relief in equity such as existed in Bohannon v. Bohannon, Ky., 249 S.W.2d 544. We have held that equity will not imply a promise by the wife to pay her husband for improvements or repairs on her property "while possessed, used, and enjoyed in virtue of his marital rights, nor even for money advanced by him to remove an incumberance from it." Nall v. Miller, 95 Ky. 448, 25 S.W. 1106, 1107, 15 Ky.Law Rep. 862; Ketterer v. Nelson, 146 Ky. 7, 141 S.W. 409, 37 L.R.A.,N.S., 754; Thoben v. Thoben, 202 Ky. 571, 260 S.W. 376.

When we consider the equities in this case, we face the sharp fact that when these parties married, the wife's property

was mortgaged for only $570 and when they separated, it was mortgaged for $5,-250. In Rogers v. Winchester Building & Savings Ass'n., Ky., 293 S.W.2d 463, we held that the present mortgage was given to secure the husband's debt and that Mrs. Rogers is not personally liable therefor. The husband has had the use and benefit of his wife's property, not only for himself and family to live in but as security for his individual debts. There may have been some kind of subrogation when he bought out his wife's mother's interest in the property, but this right was consumed long ago by the mortgaging and remortgaging of the property to secure obligations, and it looks like it must now be sold to satisfy his debt.

██ The wife asked for only $500 in alimony, the small sum apparently being in view of these conditions. The court having found the wife entitled to a divorce, in the absence of a basis for regarding her as entirely to blame for the breaking up of the marriage, she is entitled to have her former husband reasonably maintain her, all the circumstances being considered. Howard v. Howard, Ky., 291 S.W.2d 828. It seems to us that the trial court should have awarded the wife a judgment for $500 alimony to be paid at the rate of $50 a month for ten months.

For the present, the allowance of $50 a month for support of the child appears reasonable. Of course, it is subject to modification from time to time.

██ The court allowed a fee of $100 to the wife's attorney, payable by the husband at the rate of $25 a month. The attorney, Mr. Redwine, is a party appellant and insists that his fee should be larger. It seems to us a fee of $150 is more commensurate with the services rendered and the ability of the husband to pay. The trial court should allow that sum, payable at the rate of $25 a month.

The judgment is reversed with directions to enter another consistent with this opinion.