**J. E. (Joe) TRIPLETT, Appellant,**

v.

**Norcie C. TRIPLETT, Appellee.**

Court of Appeals of Kentucky.

Oct. 23, 1959.

Claude P. Stephens, Prestonsburg, for appellant.

Cordell Martin, Hindman, for appellee.

WADDILL, Commissioner.

The judgment grants both parties an absolute divorce and awards the wife the sum of $5,929.62 for money she had expended for improvements on her husband's farm. The husband appeals, urging reversal on the ground that the court erred in settling their property rights.

The parties were married in 1942. Soon after their marriage they left Knott County and moved to Lexington, where appellant began practicing physiotherapy. In 1949, marital difficulties caused them to settle their property rights and obtain a divorce. Two years later the divorce was annulled and they returned to Knott County to make their home on appellant's farm. The second attempt of these parties to live together lasted for about three years.

Concerning their financial transactions, appellee testified that during the period following their reconciliation she had not only loaned appellant $1,110 in cash, but had also spent $6,068.83 of her funds for buildings and other improvements on appellant's farm. She testified further that appellant reneged on his promise to give her one-half interest in the farm. She also stated that he refused to reimburse her for the money she had expended to improve his farm and refused to repay the loan he obtained from her.

Appellant testified that the money appellee claims she spent to improve his farm was wasted because the value of the farm had not been enhanced. Appellant also stated the alleged improvements, which appellee claims she financed, were in fact paid for by funds she had obtained from him. Other contentions of appellant are that: Appellee is not entitled to recover any sum because their property rights were settled in their prior divorce action; the award should be reduced by the sum of $1,110 because the Chancellor's calculations were inaccurate to that extent; the judgment of $5,929.62 should be credited by certain sums which appellant claims appellee received during the course of their marriage.

Appellant contends that the property settlement between the parties in 1949 precludes appellee from asserting her present claim. This contention ignores the fact that appellee seeks recovery only for money she expended on appellant's farm after their reconciliation in 1951. Therefore, the former property settlement between the parties is not pertinent to the present controversy.

 Appellant's argument that the value of his farm was not enhanced by the money appellee spent to improve it, constitutes no legal defense to appellee's claim because appellee is entitled to restoration on the basis of the amount she spent rather than the enhanced value of the property.

Appellant insists that the Chancellor made an error of $1,110 in calculating the amount due appellee. We do not agree. As we understand the Chancellor's computation, the award of $5,929.62 not only includes money appellee spent for new buildings, fences and other similar items, but also $1,110 which appellee allegedly loaned appellant following their reconciliation.

Other contentions of appellant, predicated upon conflicting testimony as to whether appellant furnished the money which appellee spent to improve the farm, were rejected by the Chancellor, and the record supports his conclusion.

Upon review we find ample evidence to support the judgment entitling appellee to a restoration of $5,929.62. See, Denniston's Adm'r v. Jackson, 304 Ky. 261, 200 S.W.2d 477, 169 A.L.R. 1404; King v. King, 214 Ky. 171, 283 S.W. 73; Sandusky v. Sandusky, 166 Ky. 472, 179 S.W. 415.

Judgment affirmed.