**NATIONAL FIRE INSURANCE COMPANY OF HARTFORD, Appellant,**

v.

**Everett D. HUTTON et al., Appellees.**

Court of Appeals of Kentucky.

Nov. 12, 1965.

54

Malcolm Y. Marshall, Wesley P. Adams, Jr., Ogden, Robertson & Marshall, Louisville, Herman M. Tye, Barbourville, for appellant.

Carlos B. Pope, Barbourville, for appellees.

WILLIAMS, Judge.

This is an action brought by appellees to recover the loss of gross earnings as a result of a fire on a business interruption insurance policy issued by the appellant. The policy provided a maximum amount of recovery of $9,850. The trial judge awarded appellee this maximum amount, and the appellant insurance company has appealed from that judgment. Appellee has not filed a brief. Pursuant to RCA 1.260(c) (2), we reverse the judgment as the appellant's brief reasonably appears to sustain such action.

The policy provided that the insurance company would "be liable for the actual loss sustained by the insured resulting directly from such interruption of business, but not exceeding the reduction in gross earnings less -charges and expenses which do not necessarily continue during the interruption of business, for only such length of time as would be required with the exercise of due diligence and dispatch to rebuild" or replace the property destroyed. The policy also provided a formula or definition for determining precisely the amount of gross earnings giving consideration to the previous earning experience of the business before the date of the damage or destruction and the probable experience after the damage if no loss had occurred.

The controlling question is whether this policy is an open or a valued policy. The plain and unambiguous language of the policy leads us to the conclusion that this was an open policy. The terms *actual loss sustained* and *but not exceeding* denote "that uncertainty of amount which is the chief characteristic distinguishing an open from a valued policy." Stuyvesant Ins. Co. v. Jacksonville Oil Mill, 6 Cir., 10 F.2d 54, 56, (1926).

The insurance policy specified the manner in which a loss was to be computed. The appellees failed to offer any proof in accordance with the formula provisions of the policy, nor did they offer any proof as to the length of time it would take to replace the building by the use of due diligence and dispatch. Proof introduced by the appellant shows that if the period of interruption had lasted six months following the fire, operation of the appellees' business during that period would have resulted in a net loss of $331.40. Appellant also introduced uncontradicted testimony that it would take three months and three weeks to rebuild or replace the destroyed property. The only evidence which conforms to the provisions of the policy shows that there was no actual loss sustained by the appellee, and he therefore has no basis for recovery on the policy.

The trial judge sustained appellant's motion for an order requiring appellees to

pay the reasonable expenses incurred in producing a witness at the trial. The judge found there was no good reason for denial of certain admissions sought by appellant. The witness testified his necessary expense was $253.33.

The judgment is reversed with directions to enter judgment for the appellant on the policy, and to enter judgment against the appellees in the sum of $253.33, with interest.