Henry G. ADAMS, Appellant,

v.

Lenola Angel ADAMS, Appellee.

Court of Appeals of Kentucky.

March 17, 1967.

C. B. Upton, Williamsburg, Sutton & Martin, Corbin, for appellant.

J. B. Johnson, J. B. Johnson, Jr., Williamsburg, for appellee.

HILL, Judge.

This is an appeal by the husband and a cross-appeal by the wife from a judgment granting the wife an absolute divorce, pro-

viding for a division of their property, denying the husband's claim for improvements on the wife's land, and dismissing the husband's plea for divorce. As ground for divorce, each party alleged cruel and inhuman treatment by the other under KRS 403.020.

Appellant, age 62, and appellee, age 63, were married May 1, 1954, and were separated February 26, 1964. It was appellant's fourth marriage and appellee's first. Appellant was a machinist for the L & N Railroad Company. Appellee worked at the Corbin, Kentucky, YMCA as a cook and resided on a 75-acre farm.

At the time of their marriage their individual net worths were about equal. When suit was filed, they had $4792.90 in the bank in their joint names; $2540 of this amount was attached by appellee at the commencement of her suit. The judgment appealed from gave appellee $2396.45.

During the period of their marriage, the parties both worked and earned money. They resided on and operated the farm, raised and sold cattle, and earned money in other farm activities. Appellant sold a house in Corbin for $5000; and he contends that out of this amount he satisfied a $1750 mortgage on the house sold, a $600 mortgage on the farm, and deposited the balance of the proceeds from the sale in their joint names.

Appellant sold the farm equipment acquired during the marriage for $1200, to which appellee made no claim. Appellant contends he spent $10,000 or $12,000 on improvements on the farm; appellee denies this.

In the absence of an accurate bookkeeping system, it is apparent it would be difficult to make a correct division of their property. But the chancellor adjudged Lenola was entitled to $2396.45, as indicated above, restored to appellee the one-half interest in the farm she had deeded to appellant early in their marriage, and adjudged appellant was entitled to the farm equipment not theretofore disposed of, including a truck. Taxed as cost was $500, allowed the attorney of appellee.

■ As indicated by the appeal and cross-appeal, neither party is satisfied with any part of the judgment except that appellee was pleased with the divorce granted to her. Appellant contends he is entitled to recover $10,000 to $12,000 for improvements on the farm. Appellee contends she is entitled to a lump sum alimony.

The judgment appealed from does not describe the allowance of $2396.45 to appellee as alimony, nor did it provide that the restoration to appellee of appellant's one-half interest in the farm should be in lieu of alimony, but the net result is in the nature of a lump sum allowance. We think appellee is in no position to complain. She is much better off financially than she was the day she took the appellant to be her "lawfully wedded husband."

■ Turning to appellant's earnest argument that he is entitled to judgment for improvements placed on the farm, it must be first deduced from the evidence there was no agreement between the parties that appellant would be reimbursed the amount of the improvements, although the fact that the parties pooled their earnings and resources and the further fact that appellee deeded, through a third party, a one-half interest in the farm to appellant, to say the least, are convincing circumstances tending to establish a full and complete partnership of all their financial affairs. Even so, we do not believe appellant was entitled to recover the amount of the improvements for the two following reasons: First, appellant received the benefits from residing on the farm for nearly ten years and was thereby relieved of his lawful duty to provide a home for the family; and second, as noted above, the chancellor apparently was thinking in terms of alimony when he

adjudged appellant not entitled to the improvements. See Bohannon v. Bohannon, Ky., 249 S.W.2d 544 (1952) and Sandusky v. Sandusky, 166 Ky. 472, 179 S.W. 415.

Appellant next assails the judgment allowing $500 to appellee's attorney and cites McDonald v. McDonald, 279 Ky. 688, 132 S.W.2d 49, Bledsoe v. Bledsoe, Ky., 267 S.W.2d 933 (1954), and Sears v. Sears, Ky., 339 S.W.2d 453. Appellee counters with the argument that inasmuch as the attorney is not a party on appeal, the question is not reviewable and that it cannot be said from the evidence that the wife has "sufficient estate of her own."

It was held in Carter v. Carter, Ky., 382 S.W.2d 400, and in many other cases, that the adequacy or inadequacy of counsel's fee cannot be considered unless the attorney "to whom it is awarded is made, or makes himself, a party to the appeal."

KRS 453.120 provides that "in actions for alimony and divorce, the husband shall pay the costs of each party, unless it appears in the action that the wife *is in fault* and has ample estate to pay the costs." (Emphasis ours.) Both conditions fixed by the statute must exist. See Anderson v. Anderson, 310 Ky. 521, 221 S.W.2d 69 (1949). The judgment found appellant at fault, although it also found appellee was "not without fault." It would be difficult indeed to find a faultless person. But we think the "fault" referred to in the statute means such fault as would justify granting a divorce. Before the wife may be denied recovery of her cost and attorney fees, she must be at fault equal to or greater than that of her husband.

We may not disturb the findings of the chancellor unless clearly erroneous. CR 52.01.

The judgment is affirmed on the direct as well as on the cross-appeal at the costs of appellant.

All concur.