Cornelia **CLEAVER**, Appellant,

v.

David R. **CLEAVER**, Appellee.

Court of Appeals of Kentucky.

Oct. 2, 1970.

Paul M. Lewis, Hatcher & Lewis, John L. Arnett, Faurest, Collier, Arnett, Hensley & Coleman, Elizabethtown, for appellant.

Harold K. Huddleston, Huddleston & Vanzant, Elizabethtown, for appellee.

STEINFELD, Judge.

Appellant, Cornella Cleaver, and appellee, David R. Cleaver, were married on January 3, 1961. There was born of this marriage on October 25, 1966, a daughter Aliese Rebecca Cleaver. The parties jointly owned a four room house and lot located in Elizabethtown, Kentucky, four rooms of furniture, a 1968 Buick automobile, a 1959 pickup truck and a bank account of about $475. At the time this divorce suit was filed David was earning $145 per week but he quit that job, took a vacation for three weeks and then accepted employment at $85 per week. The lower court granted the wife an absolute divorce, gave her the care and custody of Aliese and ordered David to pay $60 per month for her support. It awarded Cornella " * * * the furniture and household effects * * * plus the sum of $1,000 by way of alimony and restoration, * * * " and granted her " * * * a lien upon the home to secure the payment of the $1,000." The residence

was awarded to David but he was required to pay the costs of the action and $400 to Cornella's attorney. She appeals, contending that she made certain contributions to the payment of the mortgage on the house, to the liquidation of other debts and that she is entitled to a greater amount in order that those payments be restored to her and she seeks the award of a larger sum of alimony.

Appellee failed to file a brief under which circumstances we may invoke the provision of RCA 1.260(c). General Motors Acceptance Corp. v. Marshall, Ky., 444 S.W.2d 910 (1969). That rule reads:

"(c) If the appellee fails to file his brief within the time allowed, the Court may: (1) Accept the appellant's statement of the facts and issues as correct; or (2) reverse the judgment if appellant's brief reasonably appears to sustain such action; or (3) regard the appellee's failure as a confession of error and reverse the judgment without considering the merits of the case."

Counsel for appellee has informed this court by letter, "The appellee, David R. Cleaver, has informed me that the differences between he and the appellant have been reconciled and he has not authorized me to prepare and file a brief in this action. Under the circumstances, I will not be able to file a brief and will terminate further representation of the defendant,—appellee."

Cornella's attorney has filed an affidavit in which he " * * * states that after receiving the letter from appellee's counsel, (he) contacted the appellant herein, and she advised (him) that the parties have not reconciled and have not remarried." Under these circumstances, as appellant's brief reasonably appears to sustain a reversal of the judgment, we have concluded that it should be reversed. Na-

tional Fire Insurance Co. v. Hutton, Ky., 396 S.W.2d 53 (1965).

■ Facts stated in appellant's brief indicate that Cornella made a substantial contribution to the acquisition of the property owned by the parties. It shows that she paid a substantial amount on the indebtedness on the house; one-half of the purchase price of a riding mower and $1,-874.84 on a Chevrolet which was traded on the 1968 Buick. Her brief states that "the amount she had expended of her own money on property awarded appellee was $4,-198.06." She contends that she was entitled to restoration on the basis of the amount she spent on the property awarded to David. Triplett v. Triplett, Ky., 328 S.W.2d 544 (1959). Also see Hicks v. Hicks, Ky., 290 S.W.2d 483 (1956). Absent any argument to the contrary made in this court her contention is accepted.

The award of $1,000 including alimony and property restoration is insufficient to cover restoration alone. It is therefore our opinion that the judgment is erroneous in this respect and should be corrected to reflect an adequate amount of alimony and property restoration. Cf. Heustis v. Heustis, Ky., 346 S.W.2d 778 (1961).

■ Appellant also insists that the chancellor erred in not relieving her of mortgage obligations. Obviously, as between her and the holder of the mortgages, she cannot be relieved but since all mortgaged property was awarded to David it seems appropriate that as between the parties to this litigation she should be relieved of making payments on any mortgage and David ordered to make them.

The judgment is affirmed in part and reversed in part with directions to enter a judgment consistent with this opinion.

All concur, except OSBORNE, J., who did not sit.