Bradley **BENTLEY**, Appellant and Cross-Appellee,

v.

Dixie **BENTLEY** et al., Appellees and Cross-Appellants.

Court of Appeals of Kentucky.

Oct. 12, 1973.

**412**

F. Byrd Hogg, Hogg & Cornett, Whitesburg, for appellant and cross-appellee.

William R. Forester, Harlan, Richard D. Cooper, Hazard, for appellees and cross-appellants.

STEINFELD, Justice.

Appellant Bradley Bentley appeals from the judgment granting to Appellee Dixie Bentley a divorce and alimony. Dixie Bentley, together with William R. Forester, her attorney, filed a cross-appeal. (For ease in identifying the parties, we will refer to them as Bradley and Dixie.) We affirm in part and reverse in part on both the appeal and cross-appeal.

Bradley and Dixie were married in 1936, at a time when their total assets consisted of $28 cash, their clothing and personal effects. Of this marriage there were born a son and a daughter; both are now adults and self-supporting. During the marriage Bradley was engaged in the hauling, coal-mining and soft-drink businesses. In the early years of their married life Dixie helped her husband keep books, make payrolls, prepare tax returns, etc. Additionally, she maintained the home and cared for the children at all times except during illnesses.

Dixie has undergone a number of surgical procedures, some of which have left lasting conditions. The evidence showed that she is totally unable to work and that she must spend about $1,700 per year for medical supervision and drugs because of the residual effects of her health problems. Evidence also disclosed that for many years Dixie has required treatment for mental depressions; that she has sustained a nervous breakdown, and that she has required hospitalization for her nervous disorders. Bradley was a hard-working, aggressive man. He admitted that after his marriage, while at a comparatively very young age, he was guilty of indiscreet violation of the marriage vows, but he denied that such indiscretions have occurred except long ago, and he insisted that he was a worthy husband. The standard of living of the couple was high and they enjoyed many luxuries. The parties separated in 1966 and this action was filed on April 18, 1968.

Bradley argues that the divorce should have been granted to him and not to his wife. We see no purpose in relating the testimony of various witnesses on this subject, as we think it is sufficient to state that there was substantial evidence indicating that Bradley was at fault, while other evidence, just as strong, pointed out that Dixie was to blame. In these circumstances this court may not and will not disturb the finding of the chancellor. CR 52.-01; Sharp v. Sharp, Ky., 491 S.W.2d 639 (1973); Adams v. Adams, Ky., 412 S.W.2d 857 (1967).

There was a great dispute as to the financial worth of Bradley. All of the property was in his name except the home. To aid the court in determining the fair market value of the property, the court appointed an appraiser at the request of Dixie and Bradley engaged his own appraiser. The one appointed by the court concluded that the property had a value of $759,139, whereas the one selected by Bradley fixed the value at $293,000. In his findings of fact the court found the value to be $325,000, which is vigorously attacked by Dixie. For the same reason indicated with respect to the divorce, we do not disturb that finding.

The chancellor "* * * Ordered and Adjudged * * * that * * * Dixie * * * recover of * * * Bradley * * * alimony in a lump sum of $108,335.00 payable however, in stated

amounts, if the plaintiff wishes or elects to do so in amounts as follows:

"The sum of not less than $125.00 per week for a total of forty-eight (48) weeks; the sum of not less than $1,000.-00 per month for the period of time, July 1, 1971, until July 1, 1972; the sum of not less than $2,000.00 per month for the period of time, July 1, 1972, until July 1, 1974, and the balance due and payable July 1, 1974, and commencing July 1, 1978, the plaintiff be and he is hereby ordered and directed to pay to the defendant the sum of $135.00 per month and subject to further orders of the Court. It is adjudged that all amounts for alimony as hereinabove set out bear interest of seven percent (7%) per annum from date payable until paid."

The chancellor awarded the home to Bradley and apparently authorized him to retain all of the other property registered in his name.

■ The judgment was entered shortly before our decision in Colley v. Colley, Ky., 460 S.W.2d 821 (1970), which announced principles and procedures not followed here. The judgment must be reversed to the extent that the holdings conflict with the Colley opinion. The chancellor will then have an opportunity to decide what was team-effort property, if any, and award alimony, if such award is indicated. See Beggs v. Beggs, Ky., 479 S.W.2d 598 (1972); Sharp v. Sharp, Ky., 491 S.W.2d 639 (1973).

In view of this holding we cannot consider the contentions made with respect to allowance of an attorney's fee to the lawyer representing Dixie. That is a matter for reconsideration by the chancellor after following the principles of Colley as hereinabove directed. Sharp v. Sharp, supra.

The portions of the judgment pertaining to the grounds for divorce and the value of the property are affirmed, otherwise the judgment is reversed for further proceedings consistent herewith.

All concur.